UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,             *
                                *
Plaintiff,                      *
                                *
v.                              *      Civil Action No.
                                *
DEPARTMENT OF                   *
HOMELAND SECURITY,              *
                                *
                                *
Defendant,                      

*    *    *    *    *    *    *    *    *    *    *    *

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and LCvR 56.1, Plaintiff, Anne Marie Mogenhan,  respectfully moves for summary judgment in this matter. In support of this motion, plaintiff respectfully refers the Court to the attached memorandum of law.  Because this is a dispositive motion, Defendant has not sought Defendant's consent, as per LCvR 7.1(m).

Respectfully submitted,


_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,           *
                              *
Plaintiff,                    *
                              *
v.                            *        Civil Action No.
                              *
DEPARTMENT OF                 *
HOMELAND SECURITY,            *
                              *
                              *
Defendant,

*     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OF LAW

### I.     Introduction

      This is an action by Plaintiff Ann Marie Mogenhan ("Mogenhan," "Plaintiff") to redress actions taken individually and collectively by Defendant, Department of Homeland Security,  ("Defendant") based on  the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000).*  Plaintiff on a number of occasions submitted requests and paid the appropriate fee to obtain her employment file from the Defendant's Secret Service Department.  Without any explanation, Defendant failed to comply with these requests.  As such, Summary Judgment is herein warranted.

### II.     Statement of Facts

      Plaintiff is an adult, federal employee, residing in Gaithersburg, Maryland (see complaint, exhibit "1").  The Department of Homeland Security is an agency of the United

States of America (Id.).   Plaintiff was employed with the United States Secret Service, a department of the Department of Homeland Security.   In June of 2004, Plaintiff, through counsel requested her employment file in a FOIA request (see exhibit #2) annexed hereto. Defendant at no time objected to this request and in fact, Defendant responded to the request on September 2, 2004 indicating that it would comply with the request upon Plaintiff's payment of $541.00 (see exhibit "3").   Plaintiff paid the $541.00 as requested by Defendant (See exhibit "4").   On February 14, 2006, Plaintiff followed up her request for the requested documents (see exhibit "5").   On March 14, 2006, Defendant indicated that eh file was assigned to a processor for review (see exhibit "6").   On March 14, 2006, Defendant indicated that the responsive documents would be processed in accordance with the FOIA request (Id.).   On or about August 1, 2006, Plaintiff again submitted a follow up FOIA request to Defendant (exhibit "7").   On August 21, 2006, Defendant acknowledged receipt of the check of $541.30 for the documents in the file and stated that the process would be expeditiously processed (exhibit "8").

There is no evidence that the Defendant has ever challenged the legitimacy or legality of these requests.   All indications from Defendant were that it had agreed to supply Ms. Mogenhan's employment file.   To date, these records are still outstanding (see declaration of Attorney).

III.    **Argument**

The Freedom of Information Act requires agencies to comply with requests to make their records available to the public, unless the requested records fit within one or more of

nine categories of exempt material. *5 U.S.C. § 552*(a). Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions**."** FOIA**,** <u>5 U.S.C. § 552(a)(6)(C)(I)</u>**.** As per <u>5 U.S.C. § 552(a)(6)(C)(I)</u>, absent an extension, an agency must respond to a FOIA request within 20 days from the date the agency receives the request. <u>5 U.S.C. § 552(a)(6)(A)(I)</u>. Defendant is required to conduct a reasonable, adequate and good faith search to properly discharge its obligation under FOIA. *Lechliter v. Department of Defense, 371 F. Supp. 2d 589, 597 (D. Del. 2005).*

In this case, despite the numerous promises made by Defendant, it has to date, some four months following its last assurance to provide these records has not provided them. As such, this Court should compel Defendant's compliance with FOIA. With regard to typical, non-"compelling need" FOIA requests**,** "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA**,** and the courts have a duty to prevent [these] abuses." *Payne Enters. v. United States*, 267 U.S. App. D.C. 63, 837 F.2d 486, 494 (D.C. Cir. 1998). In this case, there has been an unreasonable delay in disclosing these documents.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986*); Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). In determining whether there exists a genuine issue of material fact, the Court must view all facts, and reasonable inferences to be

-4-

drawn from them, in a light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. Indeed, in order to withstand summary judgment, the non-moving party may not rest solely upon allegations or denials. *Id*. at 248. The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact. *Id*. at 247-48. There is no genuine issue of material fact if the relevant evidence of record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the party opposing summary judgment. *Id*. at 248. If the submitted evidence is of such a character that it would not permit a reasonable fact finder to find in favor of the non-moving party, summary judgment is appropriate. *Id*. at 251.

Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Rather, when the movant files a properly-supported summary judgment motion, the burden shifts to the nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co*., 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994).

Section 552 (a)(4)(E), also provides that the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed). Plaintiff seeks an

order permitting the recovery of attorney fees and costs in this case, pending a petition filed

by Plaintiff.

In this case, rule 56 is completely appropriate.  There is no issue of fact here.


**IV.    CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court grant him

judgment on these claims herein.


_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,      *

                            *

Plaintiff,                  *

                            *

v.                         *      Civil Action No.

                            *

DEPARTMENT OF         *

HOMELAND SECURITY,    *

                            *

                            *

Defendant,

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

### Preliminary Statement

This is an action by Plaintiff Ann Marie Mogenhan ("Mogenhan," "Plaintiff") to redress actions taken individually and collectively by Defendant, Department of Homeland Security, ("Defendant") based on the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000)*

### Jurisdiction and Venue

1. This action arises under the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000),* which requires that agencies of the Untied States Federal government comply with FOIA requests in good faith and in a timely manner.

2. Jurisdiction is proper here, as this case involves the violation of a Federal statutory law.

3. Venue is proper for this District Court, as the Defendant is based in Washington, DC and the Defendant responded to Plaintiff's FOIA requests from Washington, DC.

4.      Plaintiff is an adult, federal employee, residing in Gaithersburg, Maryland.

5.      The Department of Homeland Security is an agency of the United States of America.

6.      At all times herein mentioned, Plaintiff was employed with the United States Secret Service.

7.      That the United States Secret Service is a department of the Department of Homeland Security.

8.      That at all times herein mentioned, Plaintiff was employed with the Secret Service.

9.      In June of 2004, Plaintiff, through counsel requested her employment file in a FOIA request (see exhibit #1) annexed hereto.

10.     Defendant at no time objected to this request.

11.     Defendant responded to the request on September 2, 2004 indicating that it would comply with the request upon Plaintiff's payment of $541.00 (see exhibit "2").

12.     Plaintiff paid the $541.00 as requested by Defendant (See exhibit "3").

13.     On February 14, 2006, Plaintiff followed up her request for the requested documents (see exhibit "4").

14.     On March 14, 2006, Defendant indicated that eh file was assigned to a processor for review. (see exhibit "5").

15.     On March 14, 2006, Defendant indicated that the responsive documents would be processed in accordance with the FOIA request.

16.     On or about August 1, 2006, Plaintiff again submitted a follow up FOIA request to Defendant.

17.     On August 21, 2006, Defendant acknowledged receipt of the check of $541.30 for the documents in the file and stated that the process would be expeditiously processed.

18.     Defendant had never challenged the legitimacy of these requests.

19.     Defendant has indicated a willingness to comply with the requests.

20**.**     The Freedom of Information Act requires agencies to comply with requests to make their records available to the public, unless the requested records fit within one or more of nine categories of exempt material.  *5 U.S.C. § 552*(a),

21.     Defendant has conducted a reasonable, adequate and good faith search, as demonstrated by its affidavits, and has released all nonexempt material, it has properly discharged its obligation under FOIA."

**22.**     Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions**."** FOIA**,** 5 U.S.C. § 552(a)(6)(C)(I)**.**

23.     As per 5 U.S.C. § 552(a)(6)(C)(I), absent an extension, an agency must respond to a FOIA request within 20 days from the date the agency receives the request. 5 U.S.C. § 552(a)(6)(A)(I).

24.     Plaintiff has provided Defendant the proper opportunity to provide the necessary records.

25.     Defendant has failed to provide these records in accordance with the law.


WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

a)  A declaratory judgment that the Defendant complies with the FOIA request immediately.

b) Costs and Attorney fees for the failure to comply with the FOIA request.

c) Such other and further relief as the Court may deem just.

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

June 11, 2004

United States Secret Service
Freedom of Information and Privacy Acts Branch
245 Murray Drive,
Building 410
Washington, DC 20223

      Re: Ann Marie Mogenhan

To Whom It May Concern:

      Morris E. Fischer, Esq. of Snider & Fischer, LLC, hereby requests the following information regarding the investigative file of Ann Marie Mogenhan, SSN # ▓▓▓▓ ▓▓▓ Please see the enclosed notarized authorization from Ms. Mogenhan.

  1) Is there an investigative file on Ann Marie Mogenhan, SSN ▓▓▓▓▓▓▓
  2) If there is an investigative file on Ms. Mogenhan, is it active or closed.
  3) If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

      If you have any questions, please feel free to call our office.

                     Sincerely,

                     Morris E. Fischer, Esq.

AT/sm
Enclosures





## DEPARTMENT OF HOMELAND SECURITY
### UNITED STATES SECRET SERVICE
### WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Law Offices of Snider & Fischer, LLC                    SEP   2 2004
104 Church Lane, Suite 201
Baltimore, MD 21208
Attn: Morris E. Fischer, Esq.

File Number:   20040391

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Act request which was originally
submitted to the United States Secret Service on June 23, 2004, pertaining to Ann Marie Mogenhan.

Please be advised, the approximate cost of charges that will be incurred during the processing of this
request is $541.30. Fees have been incurred at the following rate: for this file consisting of 5,513
pages, 100 pages of reproduction are free of charge. The remainder of the pages, consisting of
5,413 pages, are charged at $.10 per page.

Pursuant to the Department of Homeland Security regulations 5.11 (i)(2), when costs are estimated
to exceed $250.00, the Secret Service may require the requester to make an advance payment of the
estimated fees prior to processing the request.

In order for this office to proceed with the processing of your request, please notify this office in
writing of your interest in pursuing this request. In your response, please include a check or money
order in the amount of $541.30 made payable to the U. S. Treasury, directed to the Freedom of
Information and Privacy Acts Branch, U. S. Secret Service, 245 Murray Drive, Building 410,
Washington, D.C. 20223.

This is not a denial of your request. Upon receipt of the requested information, this office will move
forward with the processing of your request. You will then be advised as to the status of your
request.

Please use the file numbers indicated above in all future correspondence with this office. Failure to respond within 60 days of the above date will result in the administrative closure of your files.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

February 2, 2005

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File Number 20040391

To Whom It May Concern:

Our client, Ann Mogenhan, desires to obtain her file from your office. We were advised that the costs were $541.30.

Please find enclosed a check for $541.30.

Sincerely,

Morris E. Fischer, Esq.

# MORRIS E. FISCHER
COUNSELOR OF LAW
AIR RIGHTS CENTER
4550 MONTGROMERY AVENUE
SUITE 601N
BETHESDA, MD 20814
(301) 469-3498 PHONE
(301) 469-3499 FAX

February 14, 2006

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File No: 20040391

To Whom It May Concern:

My client Ann Mogenhan, requested her file from your office (see prior correspondence). We had sent a check for $541.30 and I have not heard from your office since.

**Please be advised of the address of my new office:**

**Morris E. Fischer, Esq.**
**Air Rights Center, North Tower**
**4550 Montgomery Avenue, Ste. 601N**
**Bethesda, MD 20814**

**(301) 469-3498 phone**
**(301) 469-3499 fax**

Sincerely,

Morris E. Fischer, Esq.

February 2, 2005

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File Number 20040391

To Whom It May Concern:

Our client, Ann Mogenhan, desires to obtain her file from your office. We were advised that the costs were $541.30.

Please find enclosed a check for $541.30.

Sincerely,

Morris E. Fischer, Esq.





## DEPARTMENT OF HOMELAND SECURITY
### UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Law Offices of Snider & Fischer, LLC                    SEP    2 2004
104 Church Lane, Suite 201
Baltimore, MD 21208
Attn: Morris E. Fischer, Esq.

File Number:  20040391

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Act request which was originally submitted to the United States Secret Service on June 23, 2004, pertaining to Ann Marie Moganhan.

Please be advised, the approximate cost of charges that will be incurred during the processing of this request is $541.30. Fees have been incurred at the following rate: for this file consisting of 5,513 pages, 100 pages of reproduction are free of charge. The remainder of the pages, consisting of 5,413 pages, are charged at $.10 per page.

Pursuant to the Department of Homeland Security regulations 5.11 (f)(2), when costs are estimated to exceed $250.00, the Secret Service may require the requester to make an advance payment of the estimated fees prior to processing the request.

In order for this office to proceed with the processing of your request, please notify this office in writing of your interest in pursuing this request. In your response, please include a check or money order in the amount of $541.30 made payable to the U. S. Treasury, directed to the Freedom of Information and Privacy Acts Branch, U. S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

This is not a denial of your request. Upon receipt of the requested information, this office will move forward with the processing of your request. You will then be advised as to the status of your request.

Please use the file numbers indicated above in all future correspondence with this office. Failure to respond within 60 days of the above date will result in the administrative closure of your files.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

MAR 1 4 2006

Morris E. Fischer, Esq.
Counselor of Law
Air Rights Center, North Tower
4550 Montgomery Avenue, Suite 601N
Bethesda, MD 20814

File Number: 20040391

Dear Requester:

Reference is made regarding the status of your Freedom of Information and/or Privacy Acts received on February 28, 2006, for information pertaining to Ann Marie Mogenhan.

Your file has been assigned to a processor for review. Upon completion of the review, the responsive documents will be processed in accordance with the Freedom of Information Act, Title 5 U.S. Code, Section 552, and/or Privacy Act, Title 5, U.S. Code 552a, and mailed to you at the earliest possible date.

Please be assured that your request pertaining to information on yourself is being handled as equitably as possible.

Use the file number indicated above in all future correspondence with this office.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

# MORRIS E. FISCHER

### COUNSELOR OF LAW
### AIR RIGHTS CENTER
### 4550 MONTGOMERY AVENUE
### SUITE 601N
### BETHESDA, MD 20814
### (301) 469-3498 PHONE
### (301) 469-3499 FAX

MORRIS E. FISCHER (MD, DC, NY)
PAUL PLOTSKER   (NY)
BRYON SZOJCHET (OF COUNSEL, MD)
───────────────────
PATRICK HUGHES

August 1, 2006

Department of Homeland Security
United States Secret Service
Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File No: 20040391

To Whom It May Concern:

We have requested the file for our client Ann Mogenhan, from your office on multiple occasions. We submitted a check on her behalf for $541.00 covering the expenses for said request. To date, we have not heard from your office with respect to the timing of such delivery of this file and three and a half months have passed since your March 14, 2006 letter advising that this request was being handled as equitable as possible.

As you are aware, 5 U.S.C.S. § 522 (a) requires the agency to provide the requested documents in an efficient manner. We have waited nearly several years for these documents (since June 23, 2004) and we have heard nothing from your office indicating that the agency is taking this request seriously.

The Freedom of Information Act ("FOIA") commands that a federal agency "promptly" make records available upon a request which "reasonably describes such records and . . . is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." *5 U.S.C. §552* (a)(3). FOIA requires agencies to provide assurance that a sufficient search has been made "reasonably calculated to

uncover all relevant documents." *Truitt v. Dep't of State, 283 U.S. App. D.C. 86, 897 F.2d 540, 542 (D.C. Cir. 1990); see also Founding Church of Scientology v. NSA, 197 U.S. App. D.C. 305, 610 F.2d 824, 837 (D.C. Cir. 1979).*

Since my client has fulfilled her obligation to exhaust all administrative remedies for this action and no statutory exemption applies to her request and this agency has already waived such exceptions if one were to apply, *Pollack v. Department of Justi,e, (4ᵗʰ Cir. 1995),* we are providing you with one final good faith opportunity to send these records to my office by August 10, 2006, otherwise, we will bring action in the Federal District Court.


Sincerely,

Morris E. Fischer, Esq.



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Morris E. Fischer, Esq.                                    AUG 2 1 2006
Counselor of Law
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814

File Number: 20050106

Dear Requester:

Reference is made to your recent Freedom of Information and/or Privacy Act correspondence received by the United States Secret Service on August 11, 2006, regarding the status of File No. 20040391, which pertains to information on your client, Ann Mogenhan.

Please be advised that File No. 20040391 was closed due to your failure to respond within a 60 day time period for payment of responsive documents.

Upon receipt of a check for $541.30, your case was reopened under File No. 20050106. Please use this file number in all future correspondence with this office.

Due to the increasing number of Freedom of Information and Privacy Acts requests received by this office, we have encountered some delays in processing your request. However, your request has been assigned to a processor who is processing your request as expeditiously as possible. Please note that requests are processed in chronological order based on the date we were in receipt of a perfected request.

Upon completion of the processing, all documents that can be released will be made available to you at the earliest possible date.  Your continued patience is appreciated.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,           *
                              *
Plaintiff,                    *
                              *
v.                            *        Civil Action No.
                              *
DEPARTMENT OF                 *
HOMELAND SECURITY,            *
                              *
                              *
Defendant,

*      *      *      *      *      *      *      *      *      *      *      *

## **ORDER**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and LCvR 56.1, Plaintiff, Anne Marie Mogenhan, moved for summary judgment in this matter. Upon review of said motion, it is herein GRANTED. Defendant shall immediately forward Plaintiff's personnel file to Plaintiff and Plaintiff's counsel shall submit a fee petition for the award of attorney's fees.

_____
U.S. District Court Judge