UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE MARIE MOGENHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 06-2045 (EGS) |
| v. ) | |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY ) | |
| ) | |
| ) | |
| _____ Defendant. _____ ) | |

MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant respectfully submits this opposition to plaintiff's motion for summary judgment.

**Procedural Background**

Plaintiff, through her attorney, filed her complaint on November 30, 2006. Docket No. 1. Plaintiff filed her motion for summary judgment on December 4, 2006. Docket No. 2. Plaintiff filed a certificate of service for the summary judgment motion showing service only on the Department of Homeland Security Office of General Counsel. Docket No. 3. There is no certificate of service for the United States Attorney's Office, and there is no record in this office that the motion was served. Plaintiff served the United States Attorney's Office with a copy of the complaint on December 26, 2006. Defendant's Ex. 1.

**Statement of Facts**

Plaintiff has filed a complaint seeking relief pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. § 522 et seq. Plaintiff's complaint claims that she "requested her employment file." Complaint at ¶9. The same allegation is made in the statement of facts in plaintiff's motion

for summary judgment (SJM) at p. 3. In support of this allegation plaintiff has submitted a letter to the defendant from plaintiff's counsel dated June 11, 2004 which states

> . . .[Plaintiff] hereby requests the following information regarding the investigative file of Ann Marie Mogenhan. . . .
> 1. Is there an investigative file on Ann Marie Mogenhan. . .?
> 2. If there is an investigative file on Ms. Mogenhan, is it active or closed?
> 3. If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

Complaint Ex. 1; SJM Ex. 2.

### Argument

**Plaintiff's motion should be denied because it is procedurally defective**

Federal Rule of Civil Procedure (F.R.Civ.P.) 56 (a) provides that the plaintiff

> may at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party move with or without supporting affidavits for a summary judgment. . . .

Plaintiff's motion was filed on December 4, 2006, four (4) days after her complaint was filed. *See Scaffidi v. United Nissan*, 425 F.Supp.2d 1159, 1166 (D.Nev.2005) ("The United States Court of Appeals for the Ninth Circuit has held that a motion for summary judgment made less than twenty days after the commencement of an action is premature and procedurally 'fatally defective.'" *Local 490, United Rubber, Cork, Linoleum and Plastic Workers of Am.v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir.1966)).

F.R.Civ.P. 5 (b) also provides that "service on a party represented by an attorney is made on the attorney." Plaintiff failed to serve the United States Attorney's Office or the Attorney General, the attorneys for defendant agency. *See* F.R.Civ.P. 4(i).

2

Additionally, LCvR 7 (h) requires a motion for summary judgment to be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue. *See Harrison v. District of Columbia*, 2006 WL 949856, *4-5 (D.D.C.2006). No such statement of material facts was submitted with plaintiff's motion.

**Plaintiff has failed to establish a prima facie case and there is a genuine issue of material fact**

If the Court accepted the motion for summary judgment as properly filed, it should be denied. In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986); *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

By plaintiff's own admission, its June 11, 2004 request was three questions concerning "an investigative file." No request for any documents was made in the June 11 letter. No request for plaintiff's "employment file" was made in the June 11 letter or in any other document submitted with plaintiff's motion.

FOIA requires that a request "reasonably describe" the records sought. 5 U.S.C § 552(a)(3)(A). *See Judicial Watch, Inc. v. Export-Import Bank,* 108 F.Supp.2d 19, 27 (D.D.C.2000)

("A description of the requested documents is adequate if it enables a professional agency employee familiar with the subject area to locate the record with a reasonable amount of effort."). Nothing in plaintiff's June 11 letter would put any reasonable person on notice that plaintiff was seeking her "employment records." Moreover, FOIA does not require that an agency answer questions. *Hudgins v. I.R.S.*, 620 F.Supp. 19, 21 (D.D.C.1985) *affirmed* 808 F2d 137 (1987 *cert. denied* 108 S.Ct. 47 (1987).

Therefore, plaintiff has failed to present any evidence that she made a FOIA request for her employment records. Indeed, the June 11 letter creates a genuine issue of material fact as to plaintiff's allegation that she requested her employment records.

**Conclusion**

For the forgoing reasons, plaintiff's summary judgment motion should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE MARIE MOGENHAN, )<br>)<br>Plaintiff, )<br>)    Civil Case No. 06-2045 (EGS)<br>v. )<br>)<br>DEPARTMENT OF HOMELAND SECURITY )<br>)<br>)<br>_____Defendant._____) | |

STATEMENT OF GENUINE ISSUES

Plaintiff alleges that in June 2004 she made a Freedom of Information Act request for her "employment file." There is a genuine issue of material fact as to whether plaintiff made such a request, because the evidence shows only the submission of questions concerning an investigative file:

> . . .[Plaintiff] hereby requests the following information regarding the investigative file of Ann Marie Mogenhan. . . .
> 1. Is there an investigative file on Ann Marie Mogenhan. . .?
> 2. If there is an investigative file on Ms. Mogenhan, is it active or closed?
> 3. If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

June 11, 2004 letter: Complaint Ex. 1; SJM Ex. 2.

1

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE MARIE MOGENHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 06-2045 (EGS) |
| v. ) | |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY ) | |
| ) | |
| ) | |
| Defendant. ) | |

ORDER

Upon consideration of plaintiff's motion for summary judgment and the opposition thereto, it is hereby

ORDERED that the motion is DENIED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE