UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,          *
                            *
Plaintiff,                   *
                            *
v.                           *        Civil Action No. 1:06-02045-EGS
                            *
DEPARTMENT OF                *
HOMELAND SECURITY,           *
                            *
                            *
Defendant,                   *

*    *    *    *    *    *    *    *    *    *    *    *

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and LCvR 56.1, Plaintiff, Anne Marie Mogenhan,  respectfully moves for summary judgment in this matter. In support of this motion, plaintiff respectfully refers the Court to the attached memorandum of law.  Because this is a dispositive motion, Defendant has not sought Defendant's consent, as per LCvR 7.1(m).

Respectfully submitted,


_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,                  *
                                     *
Plaintiff,                           *
                                     *
v.                                   *        Civil Action No. 1:06-02045-EGS
                                     *
DEPARTMENT OF                        *
HOMELAND SECURITY,                   *
                                     *
                                     *
Defendant,                           *

*    *    *    *    *    *    *    *    *    *    *    *

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of

material facts as to which there is no genuine dispute.

1.       Plaintiff is an adult, federal employee, residing in Gaithersburg, Maryland

(see complaint, exhibit "1").

2.       The Department of Homeland Security is an agency of the United States of

America (Id.).

3.       Plaintiff was employed with the United States Secret Service, a department of

the Department of Homeland Security.

4.       In June of 2004, Plaintiff, through counsel in a FOIA request, sought

information with respect to an investigation done by the Secret Service upon her, which

Plaintiff contends was with respect to her employment at the Secret Service (exhibit "2").

5.    Defendant at no time objected to this request and in fact, Defendant responded to the request on September 2, 2004 indicating that it would comply with the request upon Plaintiff's payment of $541.00 and that the file contained 5,513 pages (see exhibit "3").

6.    Plaintiff paid the $541.00 as requested by Defendant (See exhibit "4").

7.    On February 14, 2006, Plaintiff followed up her request for the requested documents (see exhibit "5").

8.    On March 14, 2006, Defendant indicated that the file was assigned to a processor for review (see exhibit "6").

9.    On March 14, 2006, Defendant indicated that the responsive documents would be processed in accordance with the FOIA request (Id.).

10.    On or about August 1, 2006, Plaintiff again submitted a follow up FOIA request to Defendant (exhibit "7").

11.    On August 21, 2006, Defendant acknowledged receipt of the check of $541.30 for the documents in the file and stated that the process would be expeditiously processed (exhibit "8").

12.    Due to the fact that the file the government agreed to provide was extremely large, 5513 pages, and that a number of the follow up requests stated words to the effect of, "Ms. Mogenhan desires to obtain her file" (exhibit "4") ("requested her file", see exhibit "5"), Plaintiff assumed that "her file" meant all documents connected to this investigation file, including her employment records.

13.     There is no evidence that the Defendant has ever challenged the legitimacy or legality of these requests.

14.     All indications from Defendant were that it had agreed to supply Ms. Mogenhan's employment file.

15.     To date, these records are still outstanding (see declaration of Attorney).

16.     During the course of this litigation, Agency Counsel, informed the undersigned that the $541.00 fee was for the Plaintiff's EEOC file and that it was likely that Plaintiff would not want those documents because they would be duplicitous of that which she already possessed.

17.     Plaintiff had previously brought a discrimination suit against the secret service.

18.     She also advised that for an additional cost of $119.70, Plaintiff would be entitled to her investigative file (exhibit "9").

19.     Plaintiff responded to Defendant's communication on February 6, 2007, clarifying that it had sought all documents that would in some way be connected to her employment with the Secret Service (exhibit 10).  These included:

1)      Administrative Records and all inclusive related sub records;
2)      Inspection Records and all inclusive related sub records;
3)      Investigative Records and all inclusive related sub records;
4)      Personnel Records and all inclusive sub records;
5)      Medical Records and all inclusive sub records;
6)      Workers' Compensation Records and all inclusive sub records;
7)      Drug Sample Records and all inclusive sub records;
8)      Security Clearance Records;
9)      Background Investigation Records (from field office) and all inclusive sub records;
10)     OIG Records and all inclusive sub records;
11)     Correspondence Records and all inclusive sub records;
12)     Congressional and White House Correspondence and all inclusive sub records;

13)     Computer Records and all inclusive sub records;
14)     Telephone Records and all inclusive sub records;
15)     Financial Records and all inclusive sub records;
16)     Inter-agency/intra-agency records and all inclusive sub records;
17)     Criminal Records and all inclusive sub records;
18)     Internal grievance records and all inclusive sub records;
19)     Ombudsman records and all inclusive sub records; and
20)     The EEO file the agency claims is useless

20.     To date, Defendant has issued no response to Plaintiff's request.


_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,           *
                              *
Plaintiff,                    *
                              *
v.                            *          Civil Action No. 1:06-02045-EGS
                              *
DEPARTMENT OF                 *
HOMELAND SECURITY,            *
                              *
                              *
Defendant,

*     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is an action by Plaintiff Ann Marie Mogenhan ("Mogenhan," "Plaintiff") to redress actions taken individually and collectively by Defendant, Department of Homeland Security,  ("Defendant") based on  the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000).*  Plaintiff on a number of occasions submitted requests and paid the appropriate fee to obtain her employment file from the Defendant's Secret Service Department.  Without any explanation, Defendant failed to comply with these requests.  As such, Summary Judgment is herein warranted.


I.     **FACTUAL BACKGROUND**

Plaintiff adopts, by reference, its Statement of Material Facts not in Genuine Dispute attached hereto.

## II.    ARGUMENT

The Freedom of Information Act requires agencies to comply with requests to make their records available to the public, unless the requested records fit within one or more of nine categories of exempt material. *5 U.S.C. § 552*(a). Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions**."** FOIA, 5 U.S.C. § 552(a)(6)(C)(I)**.**   As per 5 U.S.C. § 552(a)(6)(C)(I), absent an extension, an agency must respond to a FOIA request within 20 days from the date the agency receives the request. 5 U.S.C. § 552(a)(6)(A)(I). Defendant is required to conduct a reasonable, adequate and good faith search to properly discharge its obligation under FOIA. *Lechliter v. Department of Defense, 371 F. Supp. 2d 589, 597 (D. Del. 2005).*

In this case, despite the numerous promises made by Defendant, it has to date, some four months following its last assurance to provide these records has not provided them. As such, this Court should compel Defendant's compliance with FOIA. With regard to typical, non-"compelling need" FOIA requests**,** "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA**,** and the courts have a duty to prevent [these] abuses." *Payne Enters. v. United States*, 267 U.S. App. D.C. 63, 837 F.2d 486, 494 (D.C. Cir. 1998).  In this case, there has been an unreasonable delay in disclosing these documents.

Defendant has been quite disingenuous as to responding to the records request. The original request was very clear that it referred to Ms. Mogenhan's investigative file. Defendant manifested an intention to Plaintiff that it would supply such file, 5513 pages, for

a cost of $541.00, which Plaintiff paid.  There never was any indication that the request was for Plaintiff's EEOC file, which Defendant later claimed Plaintiff wouldn't have wanted anyway.

Moreover, the fact that we now know that the actual cost of the investigative file was only $119.00, and is only 1297 pages, justifies a good faith belief that the $541.00 charge encompassed many more documents than the investigative file, including her personnel file and all records contained in the aforementioned list.  The government had no right to arbitrarily assume that the $541.00 cost was for an EEO file which was never requested until a week ago.

As such, certainly the Court should order that the investigative file, which has already been paid for, should be delivered immediately to Plaintiff.  The Court should also order that because the charge quoted by the government was more than four times the actual cost of the investigative file that the government must deliver all documents pertaining to Plaintiff's personnel file as stated above.  It is undisputed that the Secret Service performed this investigation with respect to Plaintiff's role as an employee and that had Ms. Mogenhan not been a Secret Service employee, no investigation on her would have been done. Ms. Mogenhan is entitled to see the relationship between the investigative file and her employment file, as it is likely that such a relationship would exist.  Arguably, Ms. Mogenhan's investigative file would not be complete without including her personnel file.

Finally, as a sanction, the Court should compel the government to award Ms. Mogenhan's EEOC file that it claimed had little utility to her.  It is inexcusable behavior to

make someone pay four times the amount of money for something that wasn't ordered, while ignoring that which the person paid for and required a Summary Judgment motion to obtain.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986*); Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). In determining whether there exists a genuine issue of material fact, the Court must view all facts, and reasonable inferences to be drawn from them, in a light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. Indeed, in order to withstand summary judgment, the non-moving party may not rest solely upon allegations or denials. *Id*. at 248. The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact. *Id*. at 247-48. There is no genuine issue of material fact if the relevant evidence of record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the party opposing summary judgment. *Id*. at 248. If the submitted evidence is of such a character that it would not permit a reasonable fact finder to find in favor of the non-moving party, summary judgment is appropriate. *Id*. at 251.

Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Rather, when the movant files a properly-supported summary judgment motion, the burden shifts to the

nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Section 552 (a)(4)(E), also provides that the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed).  Plaintiff seeks an order permitting the recovery of attorney fees and costs in this case, pending a petition filed by Plaintiff.

### III.    CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court grant judgment on these claims herein.

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,     *
                               *

Plaintiff,                 *
                               *

v.                          *     Civil Action No.
                               *

DEPARTMENT OF         *
HOMELAND SECURITY,     *
                               *
                               *

Defendant,

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

### Preliminary Statement

This is an action by Plaintiff Ann Marie Mogenhan ("Mogenhan," "Plaintiff") to redress actions taken individually and collectively by Defendant, Department of Homeland Security, ("Defendant") based on the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000)*

### Jurisdiction and Venue

1. This action arises under the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000),* which requires that agencies of the Untied States Federal government comply with FOIA requests in good faith and in a timely manner.

2. Jurisdiction is proper here, as this case involves the violation of a Federal statutory law.

3. Venue is proper for this District Court, as the Defendant is based in Washington, DC and the Defendant responded to Plaintiff's FOIA requests from Washington, DC.

4.  Plaintiff is an adult, federal employee, residing in Gaithersburg, Maryland.

5.  The Department of Homeland Security is an agency of the United States of America.

6.  At all times herein mentioned, Plaintiff was employed with the United States Secret Service.

7.  That the United States Secret Service is a department of the Department of Homeland Security.

8.  That at all times herein mentioned, Plaintiff was employed with the Secret Service.

9.  In June of 2004, Plaintiff, through counsel requested her employment file in a FOIA request (see exhibit #1) annexed hereto.

10. Defendant at no time objected to this request.

11. Defendant responded to the request on September 2, 2004 indicating that it would comply with the request upon Plaintiff's payment of $541.00 (see exhibit "2").

12. Plaintiff paid the $541.00 as requested by Defendant (See exhibit "3").

13. On February 14, 2006, Plaintiff followed up her request for the requested documents (see exhibit "4").

14. On March 14, 2006, Defendant indicated that eh file was assigned to a processor for review. (see exhibit "5").

15. On March 14, 2006, Defendant indicated that the responsive documents would be processed in accordance with the FOIA request.

16. On or about August 1, 2006, Plaintiff again submitted a follow up FOIA request to Defendant.

17.     On August 21, 2006, Defendant acknowledged receipt of the check of $541.30 for the documents in the file and stated that the process would be expeditiously processed.

18.     Defendant had never challenged the legitimacy of these requests.

19.     Defendant has indicated a willingness to comply with the requests.

20**.**     The Freedom of Information Act requires agencies to comply with requests to make their records available to the public, unless the requested records fit within one or more of nine categories of exempt material.  *5 U.S.C. § 552*(a),

21.     Defendant has conducted a reasonable, adequate and good faith search, as demonstrated by its affidavits, and has released all nonexempt material, it has properly discharged its obligation under FOIA."

**22.**     Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions**."** FOIA**,** 5 U.S.C. § 552(a)(6)(C)(I)**.**

23.     As per 5 U.S.C. § 552(a)(6)(C)(I), absent an extension, an agency must respond to a FOIA request within 20 days from the date the agency receives the request. 5 U.S.C. § 552(a)(6)(A)(I).

24.     Plaintiff has provided Defendant the proper opportunity to provide the necessary records.

25.     Defendant has failed to provide these records in accordance with the law.

WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

a)  A declaratory judgment that the Defendant complies with the FOIA request immediately.

b) Costs and Attorney fees for the failure to comply with the FOIA request.

c) Such other and further relief as the Court may deem just.


                                        _____/s/_____
                                        Morris E. Fischer, Esq.
                                        MD Bar No: 26286
                                        Air Rights Center
                                        4550 Montgomery Avenue
                                        Suite 601N
                                        Bethesda, MD 20814
                                        (301) 469-3498 phone
                                        (301) 469-3499 fax

June 11, 2004

United States Secret Service
Freedom of Information and Privacy Acts Branch
245 Murray Drive,
Building 410
Washington, DC 20223

      Re: Ann Marie Mogenhan

To Whom It May Concern:

      Morris E. Fischer, Esq. of Snider & Fischer, LLC, hereby requests the following information regarding the investigative file of Ann Marie Mogenhan, SSN # ███ ███. Please see the enclosed notarized authorization from Ms. Mogenhan.

1) Is there an investigative file on Ann Marie Mogenhan, SSN ███████
2) If there is an investigative file on Ms. Mogenhan, is it active or closed.
3) If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

      If you have any questions, please feel free to call our office.

                                    Sincerely,

                                    Morris E. Fischer, Esq.

AT/sm
Enclosures





**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Law Offices of Snider & Fischer, LLC                    SEP   2  2004
104 Church Lane, Suite 201
Baltimore, MD 21208
Attn: Morris E. Fischer, Esq.

File Number:  20040391

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Act request which was originally submitted to the United States Secret Service on June 23, 2004, pertaining to Ann Marie Mogenhan.

Please be advised, the approximate cost of charges that will be incurred during the processing of this request is $541.30. Fees have been incurred at the following rate: for this file consisting of 5,513 pages, 100 pages of reproduction are free of charge. The remainder of the pages, consisting of 5,413 pages, are charged at $.10 per page.

Pursuant to the Department of Homeland Security regulations 5.11 (i)(2), when costs are estimated to exceed $250.00, the Secret Service may require the requester to make an advance payment of the estimated fees prior to processing the request.

In order for this office to proceed with the processing of your request, please notify this office in writing of your interest in pursuing this request. In your response, please include a check or money order in the amount of $541.30 made payable to the U. S. Treasury, directed to the Freedom of Information and Privacy Acts Branch, U. S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

This is not a denial of your request. Upon receipt of the requested information, this office will move forward with the processing of your request. You will then be advised as to the status of your request.

Please use the file numbers indicated above in all future correspondence with this office. Failure to respond within 60 days of the above date will result in the administrative closure of your files.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

February 2, 2005

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File Number 20040391

To Whom It May Concern:

Our client, Ann Mogenhan, desires to obtain her file from your office. We were advised that the costs were $541.30.

Please find enclosed a check for $541.30.

Sincerely,

Morris E. Fischer, Esq.

# MORRIS E. FISCHER

COUNSELOR OF LAW
AIR RIGHTS CENTER
4550 MONTGROMERY AVENUE
SUITE 601N
BETHESDA, MD 20814
(301) 469-3498 PHONE
(301) 469-3499 FAX

February 14, 2006

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File No: 20040391

To Whom It May Concern:

My client Ann Mogenhan, requested her file from your office (see prior correspondence). We had sent a check for $541.30 and I have not heard from your office since.

**Please be advised of the address of my new office:**

**Morris E. Fischer, Esq.**
**Air Rights Center, North Tower**
**4550 Montgomery Avenue, Ste. 601N**
**Bethesda, MD 20814**

**(301) 469-3498 phone**
**(301) 469-3499 fax**

Sincerely,

Morris E. Fischer, Esq.

February 2, 2005

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File Number 20040391

To Whom It May Concern:

Our client, Ann Mogenhan, desires to obtain her file from your office. We were advised that the costs were $541.30.

Please find enclosed a check for $541.30.

Sincerely,

Morris E. Fischer, Esq.





## DEPARTMENT OF HOMELAND SECURITY
### UNITED STATES SECRET SERVICE
### WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Law Offices of Snider & Fischer, LLC                SEP   2 2004
104 Church Lane, Suite 201
Baltimore, MD 21208
Attn: Morris E. Fischer, Esq.


File Number:  20040391



Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Act request which was originally submitted to the United States Secret Service on June 23, 2004, pertaining to Ann Marie Moganhan.

Please be advised, the approximate cost of charges that will be incurred during the processing of this request is $541.30.  Fees have been incurred at the following rate: for this file consisting of 5,513 pages, 100 pages of reproduction are free of charge.  The remainder of the pages, consisting of 5,413 pages, are charged at $.10 per page.

Pursuant to the Department of Homeland Security regulations 5.11 (i)(2), when costs are estimated to exceed $250.00, the Secret Service may require the requester to make an advance payment of the estimated fees prior to processing the request.

In order for this office to proceed with the processing of your request, please notify this office in writing of your interest in pursuing this request.  In your response, please include a check or money order in the amount of $541.30 made payable to the U. S. Treasury, directed to the Freedom of Information and Privacy Acts Branch, U. S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

This is not a denial of your request.  Upon receipt of the requested information, this office will move forward with the processing of your request.  You will then be advised as to the status of your request.

Please use the file numbers indicated above in all future correspondence with this office. Failure to respond within 60 days of the above date will result in the administrative closure of your files.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer



### DEPARTMENT OF HOMELAND SECURITY
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

MAR 1 4 2006

Morris E. Fischer, Esq.
Counselor of Law
Air Rights Center, North Tower
4550 Montgomery Avenue, Suite 601N
Bethesda, MD 20814

File Number: 20040391

Dear Requester:

Reference is made regarding the status of your Freedom of Information and/or Privacy Acts
received on February 28, 2006, for information pertaining to Ann Marie Mogenhan.

Your file has been assigned to a processor for review. Upon completion of the review, the
responsive documents will be processed in accordance with the Freedom of Information Act, Title 5
U.S. Code, Section 552, and/or Privacy Act, Title 5, U.S. Code 552a, and mailed to you at the
earliest possible date.

Please be assured that your request pertaining to information on yourself is being handled as
equitably as possible.

Use the file number indicated above in all future correspondence with this office.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

# MORRIS E. FISCHER
## COUNSELOR OF LAW
### AIR RIGHTS CENTER
4550 MONTGOMERY AVENUE
SUITE 601N
BETHESDA, MD 20814
(301) 469-3498 PHONE
(301) 469-3499 FAX

MORRIS E. FISCHER (MD, DC, NY)
PAUL PLOTSKER (NY)
BRYON SZOJCHET (OF COUNSEL, MD)

PATRICK HUGHES

August 1, 2006

Department of Homeland Security
United States Secret Service
Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File No: 20040391

To Whom It May Concern:

We have requested the file for our client Ann Mogenhan, from your office on multiple occasions. We submitted a check on her behalf for $541.00 covering the expenses for said request. To date, we have not heard from your office with respect to the timing of such delivery of this file and three and a half months have passed since your March 14, 2006 letter advising that this request was being handled as equitable as possible.

As you are aware, 5 U.S.C.S. § 522 (a) requires the agency to provide the requested documents in an efficient manner. We have waited nearly several years for these documents (since June 23, 2004) and we have heard nothing from your office indicating that the agency is taking this request seriously.

The Freedom of Information Act ("FOIA") commands that a federal agency "promptly" make records available upon a request which "reasonably describes such records and . . . is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." *5 U.S.C. §552* (a)(3). FOIA requires agencies to provide assurance that a sufficient search has been made "reasonably calculated to

uncover all relevant documents." *Truitt v. Dep't of State, 283 U.S. App. D.C. 86, 897 F.2d 540, 542 (D.C. Cir. 1990); see also Founding Church of Scientology v. NSA, 197 U.S. App. D.C. 305, 610 F.2d 824, 837 (D.C. Cir. 1979).*

Since my client has fulfilled her obligation to exhaust all administrative remedies for this action and no statutory exemption applies to her request and this agency has already waived such exceptions if one were to apply, *Pollack v. Department of Justi,e, (4ᵗʰ Cir. 1995),* we are providing you with one final good faith opportunity to send these records to my office by August 10, 2006, otherwise, we will bring action in the Federal District Court.

Sincerely,

Morris E. Fischer, Esq.



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Morris E. Fischer, Esq.                                    AUG 2 1 2006
Counselor of Law
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814

File Number: 20050106

Dear Requester:

Reference is made to your recent Freedom of Information and/or Privacy Act correspondence received by the United States Secret Service on August 11, 2006, regarding the status of File No. 20040391, which pertains to information on your client, Ann Mogenhan.

Please be advised that File No. 20040391 was closed due to your failure to respond within a 60 day time period for payment of responsive documents.

Upon receipt of a check for $541.30, your case was reopened under File No. 20050106. Please use this file number in all future correspondence with this office.

Due to the increasing number of Freedom of Information and Privacy Acts requests received by this office, we have encountered some delays in processing your request. However, your request has been assigned to a processor who is processing your request as expeditiously as possible. Please note that requests are processed in chronological order based on the date we were in receipt of a perfected request.

Upon completion of the processing, all documents that can be released will be made available to you at the earliest possible date. Your continued patience is appreciated.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

**Morris Fischer**

**From:**     Fields, Rhonda (USADC) [Rhonda.Fields@usdoj.gov]

**Sent:**     Monday, January 29, 2007 2:11 PM

**To:**      morris@morrisfischerlaw.com

**Subject:** FW: Mogenhan

This is to follow up on our conversation this afternoon.  I understand that you client has sent a check to my client for $541.00   It is my understanding that that amount would cover copying and processing of her EEO file.  In the interest to resolve this matter, to the greatest extent possible, without further contested proceedings, my client is willing to release those documents to your client (subject to processing) if you client still wants them.  However, these documents are probably duplicative of those she received through the EEO process.  Additionally, per the agency, the additional cost for the inspection file would be approximately $119.70.  Please let me know whether your client wants the EEO file, inspection file, or both.  If both, the agency will need an additional check for the $119.70.  Once we know what you want, with appropriate payment, we will request the FOIA shop to process the file(s) you want and release to plaintiff all portions of the documents except those deemed to merit continued withholding under applicable law, including 5 U.S.C. 552 (b).   Please let me know if you are agreeable to proceeding in this manner.

**From:** J Meenan, Michael [mailto:M.Meenan@usss.dhs.gov]
**Sent:** Monday, January 29, 2007 1:35 PM
**To:** Fields, Rhonda (USADC)
**Subject:** Mogenhan

The inspection file is 1297 pages. The first 100 pages are copied free of charge, so the cost would be $119.70.

J. Michael Meenan, Jr.
Attorney-Advisor
U.S. Secret Service
Office of the Chief Counsel
(202) 406-5856
(202) 406-6544 (fax)
m.meenan@usss.dhs.gov

# Morris E. Fischer

## Counselor of Law
### Air Rights Center
### 4550 Montgomery Avenue
### Suite 601N
### Bethesda, MD 20814
### (301) 469-3498 phone
### (301) 469-3499 fax

Morris E. Fischer (MD, DC, NY)
Bryon Szojchet (Of Counsel, MD)
Ralph E. Winnie, Jr. (NY)

February 6, 2007

Ms. Rhonda Fields
U.S. Department of Justice
Via email

Re: Mogenhan, FOIA Case

Dear Ms. Fields:

I have discussed this matter with my client and I have reviewed your opposition to Summary Judgment.  This is our position.

First, with respect to certain mostly procedural defenses you raise, whether valid or not, in the interest of judicial economy, we would simply file an amended motion or a new motion that is: (a) 20 days after service of process; (b) that has an official section called," Plaintiff's Statement of Material Facts as to which there is no genuine dispute" rather than the motion as is which currently has a section stating, "Statement of Facts."

Second, concerning the government's substantive defense that it was unclear as to that which Ms. Mogenhan sought, that seems pretty weak.  It was well understood by all of the parties that Ms. Mogenhan, having been an employee at the Secret Service was seeking all records related to her period of employment; namely, any record maintained by the agency that had her name on it or pertained to her.

The agency never expressed any concern about a lack of specificity for the requests and in fact quoted a price for the records, $541.00 that was paid for well over a year ago.  To date, we haven't received a single piece of paper for any of that money paid.

Last week, I received a call from agency counsel, who advised for the first time ever that the $541.00 was for the records involving her discrimination complaint, most of

which, she described, our office already has.  She then recommended that our office forego receiving these documents and instead spend part of the money on the investigative file and personnel file.  By her own admission, the EEO records were basically a waste of money by Plaintiff to obtain.  Yet, she was the one who made that determination that the Plaintiff was seeking of all the records pertaining to her, only the most useless ones.   Notably, she also mentioned that the personnel file for Ms. Mogenhan was very small.  As such, that wouldn't have encompassed the full $541.00.

What should have happened here if the agency was unsure as to that which Ms. Mogenhan requested, it should have asked for clarification as to the records sought, rather than sending an invoice for a substantial amount of money then claiming later it didn't know what it was billing for.  I can't imagine any Federal Judge is going to appreciate that.  Ms. Mogenhan has always sought all records involving her employment with the Secret Service, including but not limited to:

1) Administrative Records and all inclusive related sub records;
2) Inspection Records and all inclusive related sub records;
3) Investigative Records and all inclusive related sub records;
4) Personnel Records and all inclusive sub records;
5) Medical Records and all inclusive sub records;
6) Workers' Compensation Records and all inclusive sub records;
7) Drug Sample Records and all inclusive sub records;
8) Security Clearance Records;
9) Background Investigation Records (from field office) and all inclusive sub records;
10) OIG Records and all inclusive sub records;
11) Correspondence Records and all inclusive sub records;
12) Congressional and White House Correspondence and all inclusive sub records;
13) Computer Records and all inclusive sub records;
14) Telephone Records and all inclusive sub records;
15) Financial Records and all inclusive sub records;
16) Inter-agency/intra-agency records and all inclusive sub records;
17) Criminal Records and all inclusive sub records;
18) Internal grievance records and all inclusive sub records;
19) Ombudsman records and all inclusive sub records; and
20) The EEO file the agency claims is useless

Sincerely,

*Morris E. Fischer, Esq.*

Morris E. Fischer, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,          *
                             *
Plaintiff,                   *
                             *
v.                           *          Civil Action No. 1:06-02045-EGS
                             *
DEPARTMENT OF                *
HOMELAND SECURITY,           *
                             *
                             *
Defendant,                   *

*     *     *     *     *     *     *     *     *     *     *     *

## <u>ORDER</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and LCvR

56.1, Plaintiff, Anne Marie Mogenhan, moved for summary judgment in this

matter.  Upon review of said motion, it is herein GRANTED.  Defendant shall

immediately forward to Plaintiff, the following:

1)    Administrative Records and all inclusive related sub records;
2)    Inspection Records and all inclusive related sub records;
3)    Investigative Records and all inclusive related sub records;
4)    Personnel Records and all inclusive sub records;
5)    Medical Records and all inclusive sub records;
6)    Workers' Compensation Records and all inclusive sub records;
7)    Drug Sample Records and all inclusive sub records;
8)    Security Clearance Records;
9)    Background Investigation Records (from field office) and all inclusive sub records;
10)   OIG Records and all inclusive sub records;
11)   Correspondence Records and all inclusive sub records;
12)   Congressional and White House Correspondence and all inclusive sub records;
13)   Computer Records and all inclusive sub records;
14)   Telephone Records and all inclusive sub records;
15)   Financial Records and all inclusive sub records;
16)   Inter-agency/intra-agency records and all inclusive sub records;

17)    Criminal Records and all inclusive sub records;

18)    Internal grievance records and all inclusive sub records;

19)    Ombudsman records and all inclusive sub records; and

20)    The EEO file the agency claims is useless

Plaintiff's counsel shall submit a fee petition for the award of attorney's

fees.

_____

U.S. District Court Judge