UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE MARIE MOGENHAN,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | Civil Case No. 06-2045 (EGS) |
| v.           ) | |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY  ) | |
| ) | |
| ) | |
| Defendant.           ) | |

MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant respectfully submits this opposition to plaintiff's motion for summary judgment.

**Procedural Background**

Plaintiff, through her attorney, filed her complaint on November 30, 2006. Docket No. 1. Plaintiff filed her first motion for summary judgment on December 4, 2006. Docket No. 2. Plaintiff filed a certificate of service for the summary judgment motion showing service only on the Department of Homeland Security Office of General Counsel. Docket No. 3. There is no certificate of service for the United States Attorney's Office, and there is no record in this office that the motion was served. Plaintiff served the United States Attorney's Office with a copy of the complaint on December 26, 2006. Defendant's Ex. 1.

Defendant filed its Answer to plaintiff's complaint on January 25, 2007. Docket No. 5. Defendant filed its opposition to plaintiff's first motion for summary judgment on January 26, 2007. Docket No. 6. Plaintiff withdrew its first motion for summary judgment on February 8, 2007.

Docket No. 7. Plaintiff filed the current motion for summary judgment (SJM2) on February 13, 2007. Docket No. 8.

## Statement of Facts

Plaintiff submitted a letter to the United States Secret Service from plaintiff's counsel dated June 11, 2004 which states

> . . .[Plaintiff] hereby requests the following information regarding the investigative file of Ann Marie Mogenhan. . . .
>
> 1. Is there an investigative file on Ann Marie Mogenhan. . .?
> 2. If there is an investigative file on Ms. Mogenhan, is it active or closed?
> 3. If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

Complaint Ex. 1; SJM Ex. 2.

Plaintiff filed a complaint seeking relief pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. § 522 et seq. Plaintiff's complaint claims that she "requested her employment file." Complaint at ¶9. The same allegation was made in the statement of facts in plaintiff's first motion for summary judgment (SJM1) at p. 3.

After this litigation commenced, defendant's counsel inquired whether plaintiff wanted files pertaining to an EEO investigation or an investigative file pertaining to an investigation by the Secret Service Office of Inspection. Plaintiff's SJM2 Ex. 9. Plaintiff responded :

> Ms. Mogenhagen has always sought all records involving her employment with the Secret Service, including but not limited to:
>
> 1)    Administrative Records and all inclusive related sub records;
> 2)    Inspection Records and all inclusive related sub records;
> 3)    Investigative Records and all inclusive related sub records;
> 4)    Personnel Records and all inclusive sub records;
> 5)    Medical Records and all inclusive sub records;
> 6)    Workers' Compensation Records and all inclusive sub records;

    7)    Drug Sample Records and all inclusive sub records;
    8)    Security Clearance Records;
    9)    Background Investigation Records (from field office) and all inclusive sub records;
    10)    OIG Records and all inclusive sub records;
    11)    Correspondence Records and all inclusive sub records;
    12)    Congressional and White House Correspondence and all inclusive sub records;
    13)    Computer Records and all inclusive sub records;
    14)    Telephone Records and all inclusive sub records;
    15)    Financial Records and all inclusive sub records;
    16)    Inter-agency/intra-agency records and all inclusive sub records;
    17)    Criminal Records and all inclusive sub records;
    18)    Internal grievance records and all inclusive sub records;
    19)    Ombudsman records and all inclusive sub records; and
    20)    The EEO file the agency claims is useless

*See* Plaintiff's SJM2 at Ex. 10.

In the current motion for summary judgment plaintiff asks the Court to direct the defendant to supply to plaintiff the documents listed above. *See* Plaintiff's SJM2 at Proposed Order.

**Argument**

**Plaintiff has failed to establish a prima facie case**

In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986); *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

Plaintiff's complaint, filed by retained counsel, claims that she "requested her employment file." Complaint at ¶9. However, by plaintiff's own admission, her June 11, 2004 letter was three questions concerning "an investigative file." Plaintiff's SJM2 at Ex. 2. This letter was submitted to the defendant by retained counsel. No request for any documents was made in the June 11 letter. No request for plaintiff's "employment file" was made in the June 11 letter. *Id.*

FOIA requires that a request "reasonably describe" the records sought. 5 U.S.C § 552(a)(3)(A). *See Judicial Watch, Inc. v. Export-Import Bank,* 108 F.Supp.2d 19, 27 (D.D.C.2000) ("A description of the requested documents is adequate if it enables a professional agency employee familiar with the subject area to locate the record with a reasonable amount of effort."). Nothing in plaintiff's June 11 letter would put any reasonable person on notice that plaintiff was seeking her "employment records." Moreover, FOIA does not require that an agency answer questions. *Hudgins v. I.R.S.* , 620 F.Supp. 19, 21 (D.D.C.1985) *affirmed* 808 F2d 137 (1987 ) *cert. denied* 108 S.Ct. 47 (1987).

The letter sent to defendant was not from a pro se plaintiff, but from retained counsel. It did not request all records pertaining to plaintiff nor did it request "all records involving her employment with the Secret Service." Therefore, plaintiff has failed to present any evidence that, as is alleged in her complaint, she made a FOIA request for her employment records. Therefore, she has failed to establish a prima case for the relief requested.

**Defendant was not required to search for all records pertaining to plaintiff's employment.**

Plaintiff did not request any documents, and merely asked three questions about the existence of an investigative file concerning her. Therefore, as is discussed above, she has not made a proper FOIA request. In *National Ass'n of Criminal Defense Lawyers v. U.S. Dept. of Justice*, the District Court stated:

> The FOIA obligates an agency to "make [requested] records promptly available" upon a request that "(i) reasonably describes such records ..." 5 U.S.C. § 552(a)(3)(A). The agency is obligated "under the law of this circuit 'to construe a FOIA request liberally" ' in favor of disclosure. *LaCedra v. Executive Office for United States Attorneys*, 317 F.3d 345, 348 (D.C.Cir.2003) *(quoting Nation Magazine v. United States Customs Service*, 71 F.3d 885, 890 (D.C.Cir.1995)). It is not, however, "required to divine a requester's intent." *Landmark Legal Foundation v. E.P.A.* 272 F.Supp.2d 59, 64 (D.D.C.2003) (*citing Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388-89 (D.C.Cir.1996)).

*National Ass'n of Criminal Defense Lawyers v. U.S. Dept. of Justice*, 2006 WL 666938, *1 -2 (D.D.C.2006).

Defendant could hardly divine from the June 11th letter that plaintiff was requesting all files pertaining to her employment. However, pursuant to this Circuit's direction to construe a request liberally in favor of disclosure, the defendant has construed plaintiff's June 11 letter as a request for investigative files pertaining to plaintiff. Defendant's cross-motion for summary judgment details defendant's search, release of documents, and exemptions claimed.

**Conclusion**

For the forgoing reasons, plaintiff's summary judgment motion should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE MARIE MOGENHAN,           )<br>                                                      )<br>           Plaintiff,                         )<br>                                                      )<br>      v.                                           )<br>                                                      )<br>DEPARTMENT OF HOMELAND SECURITY  )<br>                                                      )<br>                                                      )<br>           Defendant.                    ) | Civil Case No. 06-2045 (EGS) |

ORDER

Upon consideration of plaintiff's motion for summary judgment and the opposition thereto, it is hereby

ORDERED that the motion is DENIED.

Date: _____                    _____
                                                              UNITED STATES DISTRICT JUDGE