UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANNE MARIE MOGENHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 06-2045 (EGS) |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendant, through its undersigned attorneys, respectfully moves this Court for summary judgment on behalf of the Department of Homeland Security (DHS), and its component the U.S. Secret Service, on the grounds that there are no material facts in dispute and DHS is entitled to judgment in its favor as a matter of law. Fed. R. Civ. P. 56. In support of this motion are Defendant's Memorandum of Points and Authorities, Statement of Material Facts Not In Dispute and the attached declaration of Kathy J. Lyerly, the Special Agent in Charge of the Liaison Division in the Office of Government and Public Affairs and Freedom of Information and Privacy Acts (FOI/PA) Officer, United States Secret Service (Secret Service), Department of Homeland Security (DHS), which describes the defendant's response to plaintiff's request.

Defendant requests summary judgment on the reasonableness of the search conducted by the Secret Service and on the disclosures and exemptions applied to Secret Service documents. During its search defendant identified documents which originated from other federal agencies, and it has referred those documents to their respective agencies for processing for disclosure.

Therefore, because the DHS and its component the Secret Service have complied with all FOIA requirements concerning the search and the processing documents which originated with the Secret Service,  its motion for partial summary judgment should be granted.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANNE MARIE MOGENHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 06-2045 (EGS) |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendant respectfully submits this statement of material facts as to which there is no genuine dispute:

1.     Plaintiff's counsel sent a letter to the United States Secret Service, Freedom of Information and Privacy Acts Branch, dated June 11, 2004, and received by the Secret Service on June 23, 2004.  The letter stated that plaintiff's counsel "requests the following information regarding the investigative file of Ann Marie Mogenhan. . . ."

1) Is there an investigative file on Ann Marie Mogenhan, SSN  . . .?
2) If there is an investigative file on Ms. Mogenhan, is it active or closed.
3) If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

Lyerly Dec at ¶ 4.

2.     The Secret Service determined that it maintained four investigative files related to plaintiff.  These files consisted of two Reports of Investigation related to two equal employment opportunity (EEO) complaints filed by the plaintiff while she was employed by the Secret Service (the "ROIs"); the plaintiff's security clearance background investigation file (the "Background

3

File"), and a Secret Service Office of Inspection criminal investigation file concerning the plaintiff (the "Inspection File"). *Id.* at ¶ 9.

3.      By letter dated February 27, 2007, the Secret Service released the ROI files to the plaintiff in full. *Id.* at ¶ 11.

4.      The Secret Service reviewed the Background File under the Privacy Act, 5 U.S.C. §552a, and concluded that seven pages of materials contained in the Background File were subject to exemption (j)(2)(A) under the Privacy Act as information compiled for the purpose of providing criminal histories for criminal offenders and alleged offenders.  These seven pages are the criminal history summaries for third parties and have been withheld in full.  The same seven pages also were withheld pursuant to exemptions (b)(6) and (b)(7)(c) of FOIA, 5 U.S.C. § 552.  All other pages of the background file were released to the plaintiff in full. *Id.* at ¶ 12.

5.      Except for documents that originated from other agencies, all of the Inspection file has been released in part.  *Id.* at ¶ 14.  The withheld portions of the Inspection file were determined to fall within FOIA exemptions (b)(6) and (b)(7)(c).

6.       By letters dated February 27, 2007, the Secret Service forwarded documents that originated with other federal agencies to the responsible federal agencies for their review. *Id.* at ¶ 15.   Those agencies are the Executive Office for United States Attorneys, the Social Security Administration, the Department of Labor, the Department of Health and Human Services, and the General Services Administration. *Id.* at Ex. 7.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____

RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____

RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNE MARIE MOGENHAN,                    )
                                        )
            Plaintiff,                  )
                                        )          Civil Case No. 06-2045 (EGS)
    v.                                  )
                                        )
DEPARTMENT OF HOMELAND SECURITY         )
                                        )
                                        )
_____Defendant._____)

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

pertains to the processing of plaintiff's FOIA request by the United States Secret Service,

Department of Homeland Security.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's counsel sent a letter to the United States Secret Service, Freedom of Information

and Privacy Acts Branch, dated June 11, 2004, and received by the Secret Service on June 23, 2004.

The letter stated that plaintiff's counsel "requests the following information regarding the

investigative file of Ann Marie Mogenhan. . . ."

    1) Is there an investigative file on Ann Marie Mogenhan, SSN  . . .?
    2) If there is an investigative file on Ms. Mogenhan, is it active or closed.
    3) If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

Lyerly Dec at ¶ 4.

By letter dated July 2, 2004, the Secret Service FOI/PA Office acknowledged receipt of

plaintiff's information request. *Id.* at ¶5.

Pursuant to this request, the Secret Service FOI/PA gathered approximately 5,500 pages of material which was potentially responsive to plaintiffs information request.  *Id.* at ¶6.

By letter dated September 2, 2004, the Secret Service requested a check in the amount of $541.30 to cover duplication expenses.  Fees were estimated based on the standard reproduction rate of $0.10 cents per page, with the first 100 pages free of charge.  *Id.* at ¶ 7.

By letter dated February 2, 2005, the plaintiff submitted a check in the amount of $541.30 to cover duplication expenses. *Id.* at ¶ 8.

After receipt of this payment, the Secret Service FOI/PA office processed the plaintiff's request.   Through the processing and the review of the original request letter, the Secret Service realized that plaintiff's request was a set of questions regarding investigative files regarding plaintiff rather than a request for a document or set of documents.  Consequently, it was determined that the broadest interpretation of the plaintiff's request was that plaintiff was requesting investigative files concerning her as maintained by the Secret Service.  The Secret Service subsequently determined that it maintained four investigative files related to plaintiff.  These files consisted of two Reports of Investigation related to two equal employment opportunity (EEO) complaints filed by the plaintiff while she was employed by the Secret Service (the "ROIs"); the plaintiff's security clearance background investigation file (the "Background File"), and a Secret Service Office of Inspection criminal investigation file concerning the plaintiff (the "Inspection File").  *Id.* at ¶ 9.

The Secret Service first considered whether any of the aforementioned files would be available to the plaintiff under the Privacy Act.  The Secret Service determined that the ROIs and the Background File were available to the plaintiff under the Privacy Act. *Id.* at ¶ 10.

By letter dated February 27, 2007, the Secret Service released the two ROI files to the plaintiff in full.  *Id.* at ¶ 11.

The Secret Service next reviewed the Background File under the Privacy Act, and concluded that seven pages of materials contained in the Background File were subject to exemption (j)(2)(A) under the Privacy Act as information compiled for the purpose of providing criminal histories for criminal offenders and alleged offenders. These seven pages are the criminal history summaries for third parties and have been withheld in full. The same seven pages also were withheld under exemptions (b)(6) and (b)(7)(c) of the FOIA. *Id.* at ¶ 32-33. All other pages of the background file were released to the plaintiff in full. *Id.* at ¶ 12.

The Secret Service next reviewed the Inspection File, and determined that this file is maintained in the Secret Service Criminal Investigation Information System which is exempt from access under the Privacy Act. Therefore, the Inspection File is not available to the Plaintiff under the Privacy Act. *Id.* at ¶ 13.

As the Inspection File was not available to the plaintiff under the Privacy Act, the same file was then processed under the FOIA. The FOIA review concluded that the Inspection File could be released to plaintiff in part, but that information contained in that file should be withheld under title 5 of the United States Code, sections 552(b)(6) and (b)(7)(C), as information compiled for law enforcement purposes, the release of which could result in an unwarranted invasion of privacy. Forty-three (43) pages of documents in the inspection file which originally were withheld in full, see *Id.* at Ex. 5, are being released to plaintiff in part with redaction of identifying information pertaining to third parties. *Id.* at ¶ 14.

A review of the Inspection File also indicated that this file contained information and documents that originated with other federal agencies. By letters dated February 27, 2007, the Secret Service forwarded these documents to the responsible federal agencies for their review. *Id.* at ¶ 15. Those agencies are the Executive Office for United States Attorneys, the Social Security

Administration, the Department of Labor, the Department of Health and Human Services, and the General Services Administration. *Id.* at Ex. 7.

After this litigation commenced, defendant's counsel inquired whether plaintiff wanted files pertaining to the EEO investigation or an investigative file pertaining to a criminal investigation by the Secret Service Office of Inspection. *See* Plaintiff's SJM2 Ex. 9. Plaintiff responded :

> Ms. Mogenhagen has always sought all records involving her employment with the Secret Service, including but not limited to:
>
> 1) Administrative Records and all inclusive related sub records;
> 2) Inspection Records and all inclusive related sub records;
> 3) Investigative Records and all inclusive related sub records;
> 4) Personnel Records and all inclusive sub records;
> 5) Medical Records and all inclusive sub records;
> 6) Workers' Compensation Records and all inclusive sub records;
> 7) Drug Sample Records and all inclusive sub records;
> 8) Security Clearance Records;
> 9) Background Investigation Records (from field office) and all inclusive sub records;
> 10) OIG Records and all inclusive sub records;
> 11) Correspondence Records and all inclusive sub records;
> 12) Congressional and White House Correspondence and all inclusive sub records;
> 13) Computer Records and all inclusive sub records;
> 14) Telephone Records and all inclusive sub records;
> 15) Financial Records and all inclusive sub records;
> 16) Inter-agency/intra-agency records and all inclusive sub records;
> 17) Criminal Records and all inclusive sub records;
> 18) Internal grievance records and all inclusive sub records;
> 19) Ombudsman records and all inclusive sub records; and
> 20) The EEO file the agency claims is useless

*See* Plaintiff's SJM2 at Ex. 10.

In her second motion for summary judgment plaintiff asks the Court to direct the defendant to supply to plaintiff the documents listed above. *See* Plaintiff's SJM2 at Proposed Order.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989).  As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure.  *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'"  *Public Citizen, Inc. v. Dept. of State*, 100 F.Supp.2d 10, 16 (D.D.C. 2000)(reversed in part on different issue by 276 F.3d 634 (D.C.Cir.2000) (quoting *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under FOIA.  *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1382 (8th Cir. 1985).  The declaration in this matter was provided by an individual familiar with the steps taken by defendant in responding to plaintiff's request.  Since it demonstrates that the defendant met its obligations under the FOIA, and the pleadings and other filings show no genuine issue as to any

material fact and DHS is entitled to judgment as a matter of law, summary judgment should be granted to DHS concerning the search and the processing of its documents.

## ARGUMENT

**Defendant's Search Was Adequate**.

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 337 F.Supp.2d 146, 158 (D.D.C. 2004); *Allen v. U.S. Secret Service*, 335 F.Supp.2d 95, 97 (D.D.C. 2004); *Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health*, 844 F. Supp. 770, 776 (D.D.C. 1993); *Weisberg v. U.S. Dept. of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983). The adequacy of a search is necessarily "'dependent upon the circumstances of the case.'" *Kronberg v. Department of Justice*, 875 F. Supp. 861, 869 (D.D.C. 1995) (quoting *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see also Judicial Watch, Inc.*, 337 F.Supp.2d at 158. "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).

Indeed, an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. *Oglesby*, 920 F.2d at 68. Additionally, the search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. *Id.*; *see also Allen*, 335 F.Supp.2d at 99-100 (mere fact that plaintiff discovered one document from a third source that possibly should have been uncovered by the

6

defendant agency "does not render the search process unreasonable.")  Additionally, the mere fact

that a document once existed does not mean that it now exists; nor does the fact that an agency

created a document necessarily imply that the agency has retained it.  *Maynard v. CIA*, 982 F.2d 546,

564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct

a search for the requested records, using methods which can be reasonably expected to produce the

information requested."  *Oglesby*, 920 F.2d at 68.  "An agency may prove the reasonableness of its

search through affidavits of responsible agency officials so long as the affidavits are relatively

detailed, non-conclusory and submitted in good faith."  *Miller*, 779 F.2d at 1383; *Goland v. Central

Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1987), *cert. denied*, 445 U.S. 927 (1980).  Once

the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to

the requester to rebut the evidence by a showing of bad faith on the part of the agency.  *Miller*, 779

F.2d 1383.  It is insufficient, however, for a requester to attempt to rebut the agency affidavit with

purely speculative claims.  *See Carney v. U.S. Department of Justice*, 19 F.3d 807, 813 (1st Cir.

1994); *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

**The Request Reasonably Described the Records as "Investigative Files"**

FOIA requires that a request "reasonably describe" the records sought.  5 U.S.C §

552(a)(3)(A).  *See Judicial Watch, Inc. v. Export-Import Bank,* 108 F.Supp.2d 19, 27 (D.D.C.2000)

("A description of the requested documents is adequate if it enables a professional agency employee

familiar with the subject area to locate the record with a reasonable amount of effort.").

Nothing in plaintiff's June 11 letter would put any reasonable person on notice that plaintiff

was seeking her "employment records."  Moreover, FOIA does not require that an agency answer

questions. *Hudgins v. I.R.S.* , 620 F.Supp. 19, 21 (D.D.C.1985) *affirmed* 808 F2d 137 (1987 ) *cert.*

*denied* 108 S.Ct. 47 (1987).

Plaintiff did not request any documents, and merely asked three questions about the existence

of an investigative file concerning her.    Therefore, as is discussed above, she has not made a  proper

FOIA request.

In *National Ass'n of Criminal Defense Lawyers v. U.S. Dept. of Justice* , the District Court

stated:

> The FOIA obligates an agency to "make [requested] records promptly
> available" upon a request that "(i) reasonably describes such records ..." 5 U.S.C. §
> 552(a)(3)(A). The agency is obligated "under the law of this circuit 'to construe a
> FOIA request liberally" ' in favor of disclosure.  *LaCedra v. Executive Office for
> United States Attorneys*, 317 F.3d 345, 348 (D.C.Cir.2003) *(quoting Nation
> Magazine v. United States Customs Service*, 71 F.3d 885, 890 (D.C.Cir.1995)).  It is
> not, however, "required to divine a requester's intent."  *Landmark Legal Foundation
> v. E.P.A.* 272 F.Supp.2d 59, 64 (D.D.C.2003) (*citing Kowalczyk v. Dep't of Justice*,
> 73 F.3d 386, 388-89 (D.C.Cir.1996)).

*National Ass'n of Criminal Defense Lawyers v. U.S. Dept. of Justice*, 2006 WL 666938, *1 -2

(D.D.C.2006).

Defendant could hardly divine from the June 11th letter that plaintiff was requesting all files

pertaining to her employment.  However, pursuant to this Circuit's direction to construe a request

liberally in favor of disclosure, the defendant has construed plaintiff's June 11 letter as a request for

investigative files pertaining to plaintiff.    This is the only reasonable interpretation of plaintiff's

June 11 letter.

Any other documents requested by plaintiff  are not reasonably described in plaintiff's letter,

and search for those additional matters is not required.  *See Fonda v. Central Intelligence Agency,*

434 F.Supp. 498, 501 (D.D.C. 1977)("Under the circumstances, defendants' interpretation of

plaintiff's original FOIA request was reasonable. They will not be required to make a further search.

If plaintiff wishes a further search, she can file another, more specific, FOIA request.")(citations omitted).

Plaintiff simply has not made a request to the Agency for those additional documents in compliance with its regulations, and, therefore, has not exhausted her administrative remedies as to any documents other than investigative files. *See Pray v. Department of Justice,* 902 F.Supp. 1, 2-3 (D.D.C.,1995) aff'd in part and remanded in part on other grounds, 1996 WL 734142 (D.C.Cir. Nov 20, 1996) (NO. 95-5383); *Pollack v. U.S. Dept. of Justice ,* 1993 WL 293692, *3(D.Md.1993) affirmed on other grounds, 49 F.3d 115 (4th Cir.1995).

Plaintiff's clarification after this litigation was begun that she wanted all files relating to her employment does not impose an obligation on defendant to expand the search.

> A reasonable effort to satisfy that request does not entail an obligation to search anew based upon a subsequent clarification. The FBI generally handles requests in the order in which it receives them. Requiring an additional search each time the agency receives a letter that clarifies a prior request could extend indefinitely the delay in processing new requests. *Cf. Biberman v. F.B.I.,* 528 F.Supp. 1140, 1143 (S.D.N.Y.1982) ("It would be untenable to hold that, as the [FOIA] litigation proceeds, a plaintiff, by continually adding new requests ... could command a priority based on the date of the initial requests").

*Kowalczyk v. Department of Justice,* 73 F.3d 386, 388-389(D.C.Cir.1996).

Thus, defendant was only required to search for investigative files.

### Search for Responsive Records

The Lyerly declaration demonstrates through detailed, non-conclusory averments that, the defendant engaged in a "good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested." *Oglesby*, 920 F. 2d at 68.

Based on the plaintiff's June 11, 2004 request, the Secret Service conducted a search for responsive records. First, this search was conducted for information indexed under the plaintiff's

name in the Secret Service Master Central Index (MCI).  Plaintiff's date of birth and social security number were used to confirm that any files indexed under plaintiff's name in the MCI system in fact concerned the plaintiff.  Lyerly Dec. at ¶ 16.

The MCI is an on-line computer system used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications.  The MCI provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. Individuals on whom the Secret Service maintains records are indexed when possible on MCI by name, social security number, and/or date of birth.  *Id.* at ¶ 17.

The MCI search for records concerning the plaintiff produced the Inspection Report number 1638020041260.  *Id.* at ¶ 18.

Second, the FOI/PA Office searched its own files for prior information requests submitted by the plaintiff.  This search indicated that plaintiff had previously submitted a FOI/PA request.  At the time of that prior FOI/PA request, the FOI/PA Office had sent search requests to the following Secret Service Offices: the Office of Assistant Director Administration, including the office under which the plaintiff had been employed by the Secret Service, the Secret Service Personnel Division, the Secret Service Office of Equal Employment Opportunity, and the Financial Management Division, the Office of the Assistant Director Office of Investigations, Special Investigation and Security Division (from which employee background investigations are conducted), Investigative Support Division, (the office that has responsibility for storage of criminal investigative records), Polygraph Section, and the Office of Government Liaison and Public Affairs. These prior searches had produced a number of documents, including the Inspection File (that was an open case at the time of the search), the 1994 ROI, and the Background File.  *Id.* at ¶ 19.

Third, in preparing for the production associated with its declaration, a search was conducted of the Secret Service Office of Chief Counsel. This search produced the 1996 ROI. *Id.* at ¶ 20.

Fourth, also in preparing for the production associated with its declaration, an additional search was conducted in the MCI. This new search produced no new files concerning plaintiff, but only referenced Inspection File 1638020041260 which had previously been located in response to the two original searches. *Id.* at ¶ 21.

Finally, again in final preparation for production associated with its declaration, and due to the passage of time, an additional search was conducted within the Secret Service Office of Inspection to locate any documents which might have been created or added to the Inspection File since the two original searches. An entire copy of the Inspection File was produced for review by the FOI/PA Office and possible release to the plaintiff. *Id.* at ¶ 22.

Based on the searches described above, the FOI/PA Office has conducted searches reasonably likely to produce records responsive to plaintiffs request for investigative records concerning her. The Secret Service has searched its Office of Inspection, its Office of Investigations, the Special Investigations and Security Division (the office that conducts background investigations), its Equal Employment Opportunity Office, and its Office of Chief Counsel. As described above these searches have located responsive investigative records. *Id.* at ¶ 23.

Because the defendant conducted a search where responsive documents were likely to be found, the search was adequate and consistent with the case law of this jurisdiction.

### Defendant Properly Applied Privacy Act Exemptions (j)(2) and (k)(2)

The defendant properly determined that the following documents are exempt from the Privacy Act's disclosure provisions: 1) seven pages in plaintiff's Background File that consist solely of the criminal histories of third parties, and 2) the Inspection File.

Under sections 552a(j) and (k), the head of any agency may promulgate rules to exempt a system of records from the access provisions of the Privacy Act as set for in section 552a(d). Subsection (j)(2) of the Privacy Act allows an agency by regulation to exempt from mandatory disclosure any system of records:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).  Section (k)(2) allows the exemption of "investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2). . . ."  5 U.S.C. §552a(k)(2).

The Secret Service is a law enforcement agency because it is a criminal law enforcement and security agency created under title 18, of the United States Code, section 3056 and it principal function is the enforcement of criminal laws.  Lyerly Dec. at  ¶ 25.

Included in the Background File are seven pages that consist solely of the criminal histories of third parties.  The information contained in these documents consists of identifying data and notations of arrest, and the disposition of criminal charges regarding third parties.  This information falls squarely within exemption (j)(2)(A).  *Id.* at ¶ 26 and Ex. 6.

The Secret Service has published rules exempting pursuant to sections 552a(j) and (k) its Criminal Investigatory System of Records from access under section 552a(d). See Lyerly Dec at

¶27 and Ex. 6.  The Inspection file is part of the Secret Service's Criminal Investigatory System and, thus, is exempt from the access provisions of the Privacy Act.

**Defendant Properly Applied FOIA Exemptions (b)(6) and (b)(7)(C)**

Personal privacy interests are protected by two provisions of the FOIA, Exemptions 6 and 7(C). While the application of Exemption 7(C), discussed below, is limited to information compiled for law enforcement purposes, Exemption 6 permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  *See* 5 U.S.C. § 552(b)(6).

The threshold issue to be determined in the application of Exemption 6 was firmly established in *U.S. Dept. of State v. Washington Post Co.*, 456 U.S. 595 (1982).  The Supreme Court made clear that all information that "applies to a particular individual" meets the threshold requirement for protection under Exemption 6.  *Id*. at 602.  "The next step under Exemption 6 involves identifying the relevant privacy interests in non-disclosure and the public interests in disclosure, and determining 'whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy.'" *Reed v. National Labor Relations Board, et al.*, 927 F.2d 1249, 1251 (D.C. Cir. 1991) (*quoting National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) cert. denied, 494 U.S. 1078 (1990).  "'The phrase 'clearly unwarranted invasion of personal privacy' enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to governmental information.'" *Dept. of the Air Force v. Rose*, 425 U.S. 352, 372 (1976).

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope." *Mittleman v. Office of Personnel Management*, 76 F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997) (*citing Pratt*, 673 F.2d at 420 n.32). When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987) (*citing Pratt,* 673 F.2d at 418). A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" *Keys*, 830 F.2d at 340, (quoting Pratt, 673 F.2d at 421).

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. *See, e.g., Reporters Comm.*, 489 U.S. at 776-780.

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' *Dep't of Air Force v. Rose*, 425 U.S. at 372, rather than on the particular purpose for which the document is being requested." *Reporter's Comm.*, 489 U.S. at 772 (internal quotation marks omitted). Information that does not directly reveal the operations or activities of the government

"falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* at 775. The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." *Perrone v. FBI*, 908 F.Supp. 24, 27 (D.D.C. 1995) *(citing Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 588 (D.C. Cir. 1987)). Significantly, it is the "interest of the general public, and not that of the private litigant" that matters. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. Dep't of Justice,* 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773) (internal quotation marks omitted).

The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C.Cir. 1991). Our Court of Appeals has held "categorically" that "unless access to names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *SafeCard Services*, 926 F.2d at 1206.

The Secret Service is a criminal law enforcement and security agency created under title 18, of the United States Code, section 3056. The Background File and the Inspection File located in response to this information request were compiled in connection with the investigative authority of the Secret Service. The Background File, is a pre-employment background investigation compiled in connection with a security clearance determination. The Inspection File was compiled in connection with the Secret Service's criminal investigation of criminal charges against plaintiff. These files were compiled under the authority to conduct such investigation as vested in the Secret

Service under 18 U.S.C. § 3056.  As such, these records meet the threshold requirement of exemption (b)(7)(C) of having been compiled for law enforcement purposes.  Lyerly Dec. at ¶29.

Exemptions (b)(6) and (b)(7)(C) have been cited to justify the withholding of names and telephone numbers of Secret Service, and other law enforcement employees. *Id.* at ¶ 30.  In making its determination to withhold the identities and telephone numbers of  Secret Service employees under exemptions (b)(6) and (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the privacy rights of the individual whose name and telephone number appears in responsive documents.  The Secret Service determined that there is no public interest in the name and telephone number of the employee since the name and telephone number do not reveal anything about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency.  Moreover, the public interest is best served by the non-disclosure of such information, since disclosure could result in the personal harassment of law enforcement personnel and, by extension, a diminishment of the ability of law enforcement personnel to perform their duties.  Furthermore, the performance of law enforcement duties often entails serious intrusions into the lives of others, which creates resentment and sometimes a desire for retaliation.  As such, the Secret Service recognizes that the release of the names of law enforcement personnel and their telephone numbers could facilitate such retaliation.  The release of this information could also subject law enforcement personnel to unofficial questioning. *Id.* at ¶ 31.

The Secret Service has also withheld under exemptions (b)(6) and (b)(7)(C) names and other identifying information concerning third parties  whose names and identifying information appear on documents in these two files, who provided information to the Secret Service in connection with a criminal investigation, and names and identifying information concerning third parties who were charged with, or suspected of criminal activity.  In making its determination to withhold the names

16

and other identifying information such as addresses and telephone numbers of third parties under exemptions (b)(6) and (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the rights of third partes to personal privacy, and determined that the privacy rights of third parties outweighed any public interest in disclosure. The Secret Service determined that there is no public interest in the disclosure of third party names and identifying information, because such information reveals nothing about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency. The Secret Service considered the potentially stigmatizing effect resulting from the appearance of third party names in law enforcement files. The Secret Service also recognized that disclosure of third party information might have the effect of chilling future cooperation by third parties with law enforcement agencies. Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure. *Id*. at ¶ 32

Finally, the Secret Service considered the privacy interests of third parties who were suspected of possible criminal activity, and determined that the public interest is best served by withholding their identifying information because there is no public interest in the disclosure of their identities, and disclosure could damage the reputations of such individuals, and could stigmatize individuals who were not necessarily involved in wrongdoing. Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure. *Id*. at ¶ 33. Thus, Secret Service properly withheld 7 pages of the Background File that consist solely of the criminal histories of third parties under these FOIA Exemptions and the Privacy Act.

The names of law enforcement officers who work on criminal investigations have traditionally been protected against release by Exemption 7(C). *Davis*, 968 F.2d at 1281; *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487-488 (D.C. Cir. 1980). These persons have protected privacy

interests in the conduct of law enforcement investigations. By contrast, the public interest in disclosure of names of Special Agents is slight. The names of the federal agents will not "shed[] light on [the] agency's performance of its statutory duties." *Reporters Comm.*, 489 U.S. at 772, as contemplated by the FOIA. In fact, the public has an interest in non-disclosure of this information as disclosure may diminish the ability of law enforcement personnel to perform their duties. *Id.*

The second group of information withheld pertains to the names, files and personal information of other third parties. Exemption 7(C) consistently has been held to protect the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. *Reporters Comm.*, 489 U.S. at 780; *Farese v. U.S. Dep't of Justice*, 683 F. Supp. 273, 275 (D.D.C. 1987) (individuals who provide information to law enforcement authorities, have protectable privacy interests in their anonymity). *See also Computer Prof'ls*, 72 F.3d 897, 904 D.C. Cir 1996). The fact that the requester might be able to figure out the individuals' identities through other means or that their identities have been disclosed elsewhere does not diminish their privacy interests. *Fitzgibbon v. CIA*, 911 F.2d 755 (D.C. Cir. 1990); *Weisberg v. Dept. of Justice*, 745 F.2d 1476, 1491 (D.C. Cir. 1984). Indeed, an agency may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. *Reporters Comm.*, 489 U.S. at 780; *Nation Magazine v. U.S. Customs* Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); *SafeCard Services*, 926 F.2d at 1206. Moreover, the disclosure of third party information might have the effect of chilling future cooperation by third parties with law enforcement.

### Secret Service Disclosed All Reasonably Segregable Portions of Records.

The District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." *Trans-Pacific Policing*

*Agreement v. U.S. Customs Service*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. U.S. Dept. of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). In this case, Secret Service has demonstrated with reasonable specificity that all reasonably segregable information has been released.

The vast majority of the information withheld under exemptions (b)(6) and (b)(7) is solely the names and other identifying information of Secret Service personnel and third parties. Lyerly Dec. at ¶ 34. In addition, the 7 pages that were withheld in their entirety under the relevant exemptions in the Privacy Act and FOIA are entirely criminal history summaries of third parties. If the third party information were redacted from these pages, the only remaining information on the pages would be completely meaningless, or nothing but a blank form. *Id.*

Therefore, defendant properly segregated all of its documents.

### Refund

The ROIs, Background File, and Inspection File consisted of 1,074 pages of material which had originated with the Secret Service. Of this material, 1,067 pages were released to plaintiff in full and in part, and 7 pages were withheld in full. Plaintiff was charged for photocopying of these documents at a rate of $0.10 per page (6 CFR Sec. 5.11) for a total charge of $96.70. *Id.* at ¶ 35. The Secret Service currently is processing a refund check for the plaintiff's overpayment. The Secret Service will forward a check to the plaintiff in the amount of $444.60 as expeditiously as possible. *Id.* at ¶ 3.

**CONCLUSION**

The Secret Service has conducted an adequate search and has properly processed the documents which originated within the Service. For the reasons stated herein, Plaintiff cannot establish any violation of the Freedom of Information Act and summary judgment should be entered for defendant.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____

RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____

RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANN MARIE MOGENHAN, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:06CV2045 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF KATHY J. LYERLY
### SPECIAL AGENT IN CHARGE, LIAISON DIVISION,
### OFFICE OF GOVERNMENT AND PUBLIC AFFAIRS AND
### FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
### UNITED STATES SECRET SERVICE

I, Kathy J. Lyerly, hereby make the following declaration:

      1.     I am the Special Agent in Charge of the Liaison Division in the Office of

Government and Public Affairs and Freedom of Information and Privacy Acts (FOI/PA) Officer,

United States Secret Service (hereinafter Secret Service), Department of Homeland Security

(DHS). I have been assigned as the Secret Service FOI/PA Officer since December 28, 2003,

and have been employed with the Secret Service as a Special Agent (GS-1811) since October 26,

1987.

      2.     DHS regulations, title 6, Code of Federal Regulations, section 5.4, and Appendix

A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as

to whether to grant requests for Secret Service records (68 FR 4056, 4058, and 4069) made under

the Freedom of Information Act, title 5 of the United States Code, section 552 (FOIA).  DHS

1

regulations, title 6, Code of Federal Regulations, section 5.22, and Appendix A, II(I)(3) (68 FR

4056, 4065, and 4069) likewise vest authority in the FOI/PA Officer, Secret Service, to make

initial determinations as to whether to grant requests for access to Secret Service records made

under the Privacy Act of 1974, title 5 of the United States Code, section 552a ("Privacy Act").

### Receipt and Processing of Plaintiff's Request

3.      As the Secret Service's FOI/PA Officer, I am familiar with the plaintiff's request

for information filed with the Secret Service.   A brief description of the relevant correspondence

and the processing of plaintiff's information request is set forth below.

4.      By letter dated June 11, 2004, and received by the Secret Service on June 23,

2004, the plaintiff made the following inquiries:

> 1) Is there an investigative file on Ann Marie Mogenhan, SSN  . . .?
> 2) If there is an investigative file on Ms. Mogenhan, is it active or closed.
> 3) If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

A copy of this letter is attached as Exhibit 1.

5.      By letter dated July 2, 2004, the Secret Service FOI/PA Office acknowledged

receipt of plaintiff's information request.  A copy of this letter is attached as Exhibit 2.

6.      Pursuant to this request, the Secret Service FOI/PA gathered approximately 5,500

pages of material which was potentially responsive to plaintiffs information request.

7.      By letter dated September 2, 2004, the Secret Service requested a check in the

amount of $541.30 to cover duplication expenses.  Fees were estimated based on the standard

reproduction rate of $0.10 cents per page, with the first 100 pages free of charge.  See 6 C.F.R.

5.11(c)(iv)(2).  A copy of this letter is attached as Exhibit 3.

2

8.     By letter dated February 2, 2005, the plaintiff submitted a check in the amount of $541.30 to cover duplication expenses.  A copy of this letter without enclosures is attached as Exhibit 4.

9.     After receipt of this payment, the Secret Service FOI/PA office processed the plaintiff's request.   Through the processing and the review of the original request letter, the Secret Service realized that plaintiff's request was a set of questions regarding investigative files regarding plaintiff rather than a request for a document or set of documents.  See Exhibit 1. Consequently, it was determined that the broadest  interpretation of the plaintiff's request was that plaintiff was requesting investigative files concerning her as maintained by the Secret Service.  Id.  The Secret Service subsequently determined that it maintained four investigative files related to plaintiff.  These files consisted of two Reports of Investigation related to two equal employment opportunity complaints filed by the plaintiff while she was employed by the Secret Service (the "ROIs"); the plaintiff's security clearance background investigation file (the "Background File"), and a Secret Service Office of Inspection criminal investigation file concerning the plaintiff (the "Inspection File").

10.    The Secret Service first considered whether any of the aforementioned files would be available to the plaintiff under the Privacy Act.  The Secret Service determined that the ROIs and the Background File were available to the plaintiff under the Privacy Act.

11.    In regard to the ROIs, by letter dated February 27, 2007, the Secret Service released these files to the plaintiff in full.  A copy of the Secret Service's letter of February 27, 2007, without enclosures, is attached as Exhibit 5.

3

12.    The Secret Service next reviewed the Background File under the Privacy Act, and concluded that 7 pages of materials contained in the Background File were subject to exemption (j)(2)(A) under the Privacy Act as information complied for the purpose of providing criminal histories for criminal offenders and alleged offenders. These 7 pages are the criminal history summaries for third parties and have been withheld in full. All other pages of the background file was released to the plaintiff in full. See Exhibit 5.

13.    The Secret Service next reviewed the Inspection File, and determined that this file is maintained in the Secret Service Criminal Investigation Information System which is exempt from access under the Privacy Act.   As required under the Privacy Act of 1974, 5 U.S.C. § 552a(e)(4), the Secret Service publishes in the Federal Register a listing of its Privacy Act Systems of Records.  The Privacy Act System of Records in which the Inspection file indexed under the plaintiff's name is located is the Criminal Investigation Information System.  This system is exempt from the access and amendment provisions of the Privacy Act, Section 552a(d), under exemptions 552a(j)(2) and (k)(2).  See 66 FR 45362 a copy of which is attached as Exhibit 6.  Therefore, the Inspection File is not available to the Plaintiff under the Privacy Act.

14.    As the Inspection File was not available to the plaintiff under the Privacy Act, the same file was then processed under the FOIA. The FOIA review concluded that the Inspection File could be released to plaintiff in part, but that information contained in that file should be withheld under title 5 of the United States Code, sections 552(b)(6) and (b)(7)(C), as information compiled for law enforcement purposes, the release of which could result in an unwarranted invasion of privacy. Forty-three (43) pages of documents in the inspection file which originally

4

were withheld in full, see Ex. 5,  are being released to plaintiff in part with redaction of identifying information pertaining to third parties.

15.    A review of the Inspection File also indicated that this file contained information and documents that originated with other federal agencies.  By letters dated February 27, 2007, the Secret Service forwarded these documents to the responsible federal agencies for their review.  Copies of these letters are attached as Exhibit 7.

## Search for Responsive Records

16.    Based on the plaintiffs June 11, 2004 request, the Secret Service conducted a search for responsive records. First, this search was conducted for information indexed under the plaintiff's name in the Secret Service Master Central Index (MCI). Date of birth and social security were used to confirm that any files indexed under plaintiffs name in the MCI system in fact concerned the plaintiff.

17.    The MCI is an on-line computer system used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications. The MCI provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. Individuals on whom the Secret Service maintains records are indexed when possible on MCI by name, social security number, and/or date of birth.

18. The MCI search for records concerning the plaintiff produced the Inspection Report number 1638020041260.

19.    Second, the FOI/PA Office searched its own files for prior information requests submitted by the plaintiff. This search indicated that plaintiff had previously submitted a FOI/PA

request. At the time of that prior FOI/PA request, the FOI/PA Office had sent search requests to the following Secret Service Offices: the Office of Assistant Director Administration (including the office under which the plaintiff had been employed by the Secret Service, the Secret Service Personnel Division, the Secret Service Office of Equal Employment Opportunity, and the Financial Management Division), the Office of the Assistant Director Office of Investigations (Special Investigation and Security Division (from which employee background investigations are conducted), Investigative Support Division, (the office that has responsibility for storage of criminal investigative records), Polygraph Section), and the Office of Government Liaison and Public Affairs. These prior searches had produced a number of documents, including the Inspection File (that was an open case at the time of the search), the 1994 ROI, and the Background File.

20.     Third, in preparing for the production associated with this declaration, a search was conducted of the Secret Service Office of Chief Counsel. This search produced the 1996 ROI.

21.     Fourth, also in preparing for the production associated with this declaration, an additional search was conducted in the MCI. This new search produced no new files concerning plaintiff, but only referenced Inspection File 1638020041260 which had previously been located in response to the two original searches.

22.     Finally, again in final preparation for production associated with this declaration, and due to the passage of time, an additional search was conducted within the Secret Service Office of Inspection to locate any documents which might have been created or added to the Inspection File since the two original searches. An entire copy of the Inspection File was produced for review by the FOI/PA Office and possible release to the plaintiff.

23.     Based on the searches described above, the FOI/PA Office has conducted searches reasonably likely to produce records responsive to plaintiffs request for investigative records concerning her. The Secret Service has searched its Office of Inspection, its Office of Investigations, the Special Investigations and Security Division (the office that conducts background investigations), its Equal Employment Opportunity Office, and its Office of Chief Counsel. As described above these searches have located responsive investigative records. Privacy Act Exemption 552(a)(i)(2)(A)

## Privacy Act Exemption 552a (j) and (k)(2)

24.     Title 5, United States Code, section 552a (j)(2)(A), exempts law enforcement agencies from disclosure of "information compiled for the purpose of identifying criminal offenders and alleged offenders and consisting only of identifying data and notations of arrest, the nature and disposition of criminal charges, sentencing, confinement, release, and parole or probation status."

25.     The Secret Service is a law enforcement agency under 552a (j)(2)(A) because it is a criminal law enforcement and security agency created under title 18, of the United States Code, section 3056 and it principal function is the enforcement of criminal laws.

26.     Included in the Background File are 7 pages that consist solely of the criminal histories of third parties. The information contained in these documents consists of identifying data and notations of arrest, and the disposition of criminal charges regarding third parties. This information falls squarely within exemption (j)(2)(A).

27.     Further, under section 552a (j) and (k), the head of any agency may promulgate

rules to exempt a system of records from the access provisions of the Privacy Act as set forth in section 552a(d). The Secret Service has published rules exempting pursuant to 552a(j) and (k) its Criminal Investigatory System of Records from access under section 552a(d). See Exhibit 6. As the Inspection File is part of the Secret Service's Criminal Investigatory System that file is exempt from the access provisions of the Privacy Act.

28. As indicated above the Secret Service also cites exemption (j)(2)(A) and (k)(2) to withhold access to the Inspection File under the Privacy Act. The Inspection File is a part of the Secret Service's Criminal Investigatory Information System which is exempt from the access provisions of the Privacy Act under exemptions (j)(2) and (k)(2). See Exhibit 6.

## Freedom of Information Exemptions (b)(6) and (b)(7)(C)

29. Title 5, United States Code, section 552(b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Title 5, United States Code, section 552(b)(7)(C), exempts from disclosure "records or information compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

30. The Secret Service is a criminal law enforcement and security agency created under title 18, of the United States Code, section 3056. The Background File and the Inspection File located in response to this information request were compiled in connection with the investigative authority of the Secret Service. The Background File, is a pre-employment background investigation compiled in connection with a security clearance determination. The Inspection File was compiled in connection with the Secret Service's criminal investigation of criminal charges against plaintiff. See Exhibit 5. These files were compiled under the authority

8

to conduct such investigation as vested in the Secret Service under 18 U.S.C. § 3056. As such, these records meet the threshold requirement of exemption (b)(7)(C) of having been compiled for law enforcement purposes.

31.    Exemptions (b)(6) and (b)(7)(C) have been cited to justify the withholding of names and telephone numbers of Secret Service, and other law enforcement employees.

32.    In making its determination to withhold the identities and telephone numbers of Secret Service employees under exemptions (b)(6) and (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the privacy rights of the individual whose name and telephone number appears in responsive documents. The Secret Service determined that there is no public interest in the name and telephone number of the employee since the name and telephone number do not reveal anything about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency. Moreover, the public interest is best served by the non-disclosure of such information, since disclosure could result in the personal harassment of law enforcement personnel and, by extension, a diminishment of the ability of law enforcement personnel to perform their duties. Furthermore, the performance of law enforcement duties often entails serious intrusions into the lives of others, which creates resentment and sometimes a desire for retaliation. As such, the Secret Service recognizes that the release of the names of law enforcement personnel and their telephone numbers could facilitate such retaliation. The release of this information could also subject law enforcement personnel to unofficial questioning.

33.    The Secret Service has also withheld under exemptions (b)(6) and (b)(7)(C) names and other identifying information concerning third parties  whose names and identifying

information appear on documents in these two files, who provided information to the Secret Service in connection with a criminal investigation, and names and identifying information concerning third parties who were charged with, or suspected of criminal activity.  In making its determination to withhold the names and other identifying information such as addresses and telephone numbers of third parties under exemptions  (b)(6) and (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the rights of third partes to personal privacy, and determined that the privacy rights of third parties outweighed any public interest in disclosure. The Secret Service determined that there is no public interest in the disclosure of third party names and identifying information, because such information reveals nothing about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency. The Secret Service considered the potentially stigmatizing effect resulting from the appearance of third party names in law enforcement files.  The Secret Service also recognized that disclosure of third party information might have the effect of chilling future cooperation by third parties with law enforcement agencies.  Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure.

34.     Finally, the Secret Service considered the privacy interests of third parties who were suspected of possible criminal activity, and determined that the public interest is best served by withholding their identifying information because there is no public interest in the disclosure of their identities, and disclosure could damage the reputations of such  individuals, and could stigmatize individuals who were not necessarily involved in wrongdoing. Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure.

## Segregation

35.     A review of the responsive documents shows that no further information can be segregated without releasing information properly withheld under the FOIA. As a primary matter, the vast majority of the information withheld under exemptions (b)(6) and (b)(7)(C) are solely the names and other identifying information of Secret Service personnel and third parties. Therefore, in such cases there is no additional information to be released. In addition, the 7 pages that were withheld in their entirety under the relevant exemptions in the Privacy Act and FOIA are entirely criminal history summaries of third parties. If the third party information was redacted from these pages, the only remaining information on the pages would be completely meaningless, or nothing but a blank form.

## Refund

36.     The ROIs, Background File, and Inspection File consisted of 1,074 pages of material which had originated with the Secret Service. Of this material, 1,067 pages were released to plaintiff in full and in part, and 7 pages were withheld in full. Plaintiff was charged for photocopying of these documents at a rate of $0.10 per page (6 CFR Sec. 5.11) for a total charge of $96.70.

37.     The Secret Service is currently processing a refund check for the plaintiff's overpayment. The Secret Service will forward a check to the plaintiff in the amount of $444.60 as expeditiously as possible.

11

## **Conclusion**

38.     The Secret Service has made every attempt to release as much information as possible and has processed the documents to redact only the information which must be withheld. The Secret Service has made every attempt to comply with the intent of the Privacy Act and the FOIA, while protecting the personal privacy of third parties, and the interest of the general public in the efficient and effective performance of its law enforcement agencies.

I declare under penalty of perjury that the foregoing is true and correct.

_3/5/07_
Date

Kathy J. Lyerly
Special Agent in Charge,
Liaison Division, Office of Government and Public Affairs
and Freedom of Information and Privacy Acts Officer
United States Secret Service

**Exhibit 1**

June 11, 2004

United States Secret Service
Freedom of Information and Privacy Acts Branch
245 Murray Drive,
Building 410
Washington, DC 20223

      Re: Ann Marie Mogenhan

To Whom It May Concern:

      Morris E. Fischer, Esq. of Snider & Fischer, LLC, hereby requests the following information regarding the investigative file of Ann Marie Mogenhan, SSN # 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. Please see the enclosed notarized authorization from Ms. Mogenhan.

1)  Is there an investigative file on Ann Marie Mogenhan, SSN 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?
2)  If there is an investigative file on Ms. Mogenhan, is it active or closed.
3)  If the investigative file on Ms. Mogenhan is closed, on what date was it closed.

      If you have any questions, please feel free to call our office.

                        Sincerely,

                        Morris E. Fischer, Esq.

AT/sm
Enclosures

**Exhibit 2**



# DEPARTMENT OF HOMELAND SECURITY
## UNITED STATES SECRET SERVICE
### WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

JUL   2 2004

Law Offices of Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
Attn:  Morris E. Fischer, Esq.

File Number:   20040391

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on June 23, 2004, for information pertaining to Ann Marie Mogenhan.

The acknowledgement of the Freedom of Information and/or Privacy Acts request for access to records is considered an agreement by you to pay all applicable fees charged under §5.29, up to $25.00.  You may specify a willingness to pay a greater or lesser amount for your information.

A search for files responsive to your request is being conducted.  When the results of the search are known, you will be notified.

Please use the file number indicated above in all future correspondence with this office.

We solicit your cooperation and assure you that the search will be conducted as expeditiously as possible.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

BCC:   Official File (177.060/177.070)
       Chron. File
       Subject File

KJLyerly/ag  6/30/2004

**Exhibit 3**



# DEPARTMENT OF HOMELAND SECURITY
## UNITED STATES SECRET SERVICE
### WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223                                  SEP    2 2004

Law Offices of Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
Attn: Morris E. Fischer, Esq.


File Number:  20040391



Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Act request which was originally submitted to the United States Secret Service on June 23, 2004, pertaining to Ann Marie Mogenhan.

Please be advised, the approximate cost of charges that will be incurred during the processing of this request is $541.30. Fees have been incurred at the following rate: for this file consisting of 5,513 pages, 100 pages of reproduction are free of charge. The remainder of the pages, consisting of 5,413 pages, are charged at $.10 per page.

Pursuant to the Department of Homeland Security regulations 5.11 (i)(2), when costs are estimated to exceed $250.00, the Secret Service may require the requester to make an advance payment of the estimated fees prior to processing the request.

In order for this office to proceed with the processing of your request, please notify this office in writing of your interest in pursuing this request. In your response, please include a check or money order in the amount of $541.30 made payable to the U. S. Treasury, directed to the Freedom of Information and Privacy Acts Branch, U. S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

This is not a denial of your request. Upon receipt of the requested information, this office will move forward with the processing of your request. You will then be advised as to the status of your request.

Please use the file numbers indicated above in all future correspondence with this office. Failure to respond within 60 days of the above date will result in the administrative closure of your files.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

BCC:   Official File (177.060/177.070)
       Chron. File
       Subject File

KJLyerly/ag 9/2/2004

DOCUMENT11

**SUBJECT FILE**

**Exhibit 4**

# Law Offices of
# Snider & Fischer, LLC

RECEIVED
U.S. SECRET SERVICE

'2005 FEB 16  P 3: 47

FREEDOM OF INFORMATION
PRIVACY ACTS OFFICER

**Michael J. Snider, Esq.**
**Morris E. Fischer, Esq.**

February 2, 2005

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File Number 20040391

To Whom It May Concern:

Our client, Ann Mogenhan, desires to obtain her file from your office.  We were advised that the costs were $541.30.

Please find enclosed a check for $541.30.

Sincerely,

Morris E. Fischer, Esq.

104 Church Lane  •  Suite 201  •  Baltimore, Maryland 21208
410.653.9060 phone  •  410.653.9061 fax  •  1-800-DISCRIMINATION SM  •  info@sniderlaw.com



**Exhibit 5**



**U.S. Department of Homeland Security**

**UNITED STATES SECRET SERVICE**

February 27, 2007

Morris E. Fischer, Esq.
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, Maryland 20814

File Number: 20050106

Dear Mr. Fischer:

Reference is made to information request you filed on behalf of your client, Ann Marie
Mogenhan, relating to investigative files maintained by the United States Secret Service
(Secret Service) concerning her.

During the processing of your client's request, the Secret Service determined that Ms.
Mogenhan's initial request was a set of questions rather than a request for a document or
set of documents. It was then determined that the broadest possible interpretation of this
request would include investigative files maintained by the Secret Service concerning Ms.
Mogenhan.

A search for records responsive to this request indicates that the Secret Service maintains
four investigative files concerning your client. These files consist of two Reports of
Investigation related to two equal employment opportunity complaints filed by Ms.
Mogenhan while she was employed by the Secret Service (the ROIs); her security
clearance background investigation file (the Background File), and a Secret Service
Office of Inspection criminal investigation file concerning Ms. Mogenhan (the Inspection
File).

The two ROIs are being released in full and are enclosed with this letter.

Also being released with this letter is the above referenced Background File. However,
seven pages contained in this file are properly withheld in full under the Privacy Act of
1974 (Privacy Act), title 5 of the Untied States Code, section 552a(j)(2)(A) and the
Freedom of Information Act (FOIA), title 5 of the United States Code, section 552 (b)(6)
and (b)(7)(C). This material is being withheld pursuant to Title 5, United States Code,
exemption Privacy Act exemption (a)(j)(2)(A), as information compiled for the purpose
of identifying criminal offenders and alleged offenders and consisting only of identifying
data and notation of arrest, the nature and disposition of criminal charges, sentencing,
confinement, release, and parole or probation status This information is also being
withheld under FOIA exemptions (b)(6) and (b)(7)(C) as information the release of which

would lead to an unwarranted invasion of personal and/or as information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

In regard to the Inspection File, that file is not available to your client under the Privacy Act. The Inspection File is a part of the Secret Service's Criminal Investigative System of Records, which is exempt from the access provisions of the Privacy Act pursuant to exemption (j)(2). See 66 FR 45362. Portions of the Inspection File are, however, available to your client under the FOIA. The portions of the Inspection File that are releasable under the FOIA are enclosed with this letter. Certain information in the Inspection File is being withheld under exemptions (b)(6) and (b)(7)(C) as information the disclosure of which would lead to an unwarranted invasion of privacy, and/or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 43 pages of the Inspection File are being withheld in full under the two exemptions cited above.

Finally, the Secret Service determined that certain of the information contained in the Inspection File originated with other federal agencies, and as such this information has been referred to these agencies for direct response to Ms. Mogenhan.

The Secret Service has released to Ms. Mogenhan with this letter 1031 pages of responsive information. Because the plaintiff has already submitted $541.30 (based on the earlier estimate of responsive documents to be released), the Secret Service will be processing a refund in the amount of $448.20, which will be forwarded to the Plaintiff as expeditiously as possible.

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

Sincerely

Kathy J. Lyerly
Special Agent in Charge,
Liaison Division, Office of Government and Public
Affairs and Freedom of Information and Privacy
Acts Officer, United States Secret Service

Enclosures

**Exhibit 6**

FEDERAL REGISTER
Vol. 66, No. 167

Notices

DEPARTMENT OF THE TREASURY
United States Secret Service

Privacy Act of 1974, as Amended; System of Records

66 FR 45362

DATE: Tuesday, August 28, 2001

ACTION: Notice of systems of records.

-----------------------------------------------------------------------

To view the next page, type .np* TRANSMIT.
To view a specific page, transmit p* and the page number, e.g. p*1
-----------------------------------------------------------------------

[*45362]

    SUMMARY: In accordance with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a, the U.S. Secret Service, Treasury, is publishing its Privacy Act systems of records.

SUPPLEMENTARY INFORMATION: Pursuant to the Privacy Act of 1974 (5 U.S.C. 552a) and the Office of Management and Budget (OMB), Circular No. A-130, the U.S. Secret Service has completed a review of its Privacy Act systems of records notices to identify changes that will more accurately describe these records.

    Treasury/USSS.002-Chief Counsel Record System, required minor modifications to the "Records Source Categories."

    Treasury/USSS.005-Freedom of Information Request System has been incorporated into the Treasury-wide notice entitled "DO.150-Freedom of Information Act/Privacy Act Request Records." The system of records notice was deleted from the Service's inventory of Privacy Act notices on December 3, 1999, at 64 FR 67966.

    Other changes throughout the systems notice are editorial in nature and consist principally of changes to the "System Locations" and "System Manager(s) Address."

    Systems Covered by This Notice: This notice covers all systems of records adopted by the U.S. Secret Service up to June 1, 2001.

    The systems notices are reprinted in their entirety following the Table of Contents.

    Dated: August 16, 2001.

W. Earl Wright, Jr.,

Chief Management and Administrative Programs Officer.

Table of Contents

USSS.001-Administrative Information System

USSS.002-Chief Counsel Record System

USSS.003-Criminal Investigation Information System

USSS.004-Financial Management Information System

USSS.006-Non-Criminal Investigation System

USSS.007-Protection System

USSS.008-Public Affairs Record System

USSS.009-Training Information System    [*45363]

United States Secret Service

Treasury/USSS.001

SYSTEM NAME:

    Administrative Information System-Treasury/USSS.

SYSTEM LOCATION:

    (a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A, listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223; (c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780; (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue of the Stars, Century City, CA 90067; (l) Bush Protective Division, U.S. Secret Service, P.O. Box 79797, Houston, Texas 77279-9797; (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, D.C. 20502.

Categories of INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who are now or were Secret Service employees; (b) Individuals, contractors, and vendors, etc., who are presently doing or previously did business with the Secret Service; (c) Claimants against the Secret Service under the Federal Tort Claims Act and the Military Personnel and Federal Employees Claims Act.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records containing information on issuance of Secret Service equipment and accountable government property; (b) Records containing procurement negotiations, contracts, agreements, etc., with the Secret Service; (c) Records containing information on past, present, and future administrative correspondence with individuals, contractors, vendors, etc., who have or plan to enter into contractual agreements with the Secret Service; (d) Records on vehicle accidents, injuries, fatalities.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

Title 40 and 41 of the U.S. Code, and other rules and regulations where applicable; 5 U.S.C. 301; 44 U.S.C. 3101.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

(1) Disclosure of information to the Department of Treasury, GAO, OMB, GSA, the Department of Justice and other Federal, state, and local government agencies regarding purchases, contracts, and anticipated purchases and contracts of the Secret Service; (2) To provide administrative services for the Secret Service and maintain administrative records as required by law; (3) To use in the adjudication of any claim for or against the Secret Service; (4) Disclosure to individuals, contractors, vendors, etc., for the purpose of inquiries relating to or confirmation of orders and purchases; (5) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records are contained in file jackets and portions of the information are stored electronically at Headquarters.

RETRIEVABILITY:

Records may be retrieved by name and/or number.

SAFEGUARDS:

(1) File jackets and electronic data at Headquarters are located in locked rooms which are secured by alarms and other internal security devices with guards on duty on an around the clock basis. Access is available only to employees responsible for records management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (2) The file jackets in Secret Service field offices are located in locked

file cabinets or in locked rooms when Secret Service employees are not on duty. Access to the system is limited to employees of the Secret Service holding top secret security clearances.

RETENTION AND DISPOSAL:

The file jackets and electronic data are retained in accordance with mandatory National Archives Records Administration (NARA), General Records Schedules 3, 4, 8, 10, 11, 13, & 23. Disposal is by burning, shredding, and/or electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

Assistant Director, Office of Administration, U.S. Secret Service, 950 H St., NW, Suite 8250, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether this system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Requests for information contained in this system should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) Individuals who are presently or were Secret Service employees; (b) Individuals, corporations, companies, contractors, etc., previously engaged or presently engaged in business with the Secret Service; (c) Claimants.

EXEMPTIONS CLAIMED FOR THE SYSTEM:

None.

Treasury/USSS.002

SYSTEM NAME:

Chief Counsel Record System-Treasury/USSS.

SYSTEM LOCATION:

Office of Chief Counsel, United States Secret Service, 950 H St., NW, Washington, DC 20223.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who have filed administrative claims; (b) Individuals involved in litigation against the U.S. Secret Service; (c) Individuals who have filed a petition regarding forfeiture; (d) Employees, former employees or applicants who have filed equal employment opportunity claims against the U.S. Secret Service; (e) Employees or former employees who have appealed disciplinary actions taken against them  [*45364]  by the U.S. Secret Service to the Merit System Protection Board.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Copies of administrative claims filed against the Secret Service or employees of the U.S. Secret Service and responses thereto; (b) Any type of legal document, including but not limited to complaints, summaries, affidavits, litigation reports, motions, subpoenas and any other court filing or administrative filing or evidence; (c) Records concerning requests for information regarding the use of reproductions of obligations of the United States including bonds; checks, coins, coupons, currencies (U.S. and foreign), fractional notes, postage stamps (U.S. and foreign), postal money orders, and postmarks.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056; 28 U.S.C. 2672 (Federal Tort Claims Act); 18 U.S.C. 471-509.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

(1) Administrative claims may be routinely sent to Department of Justice attorneys to assist them in litigation involving the Secret Service; (2) Legal records and litigation reports may be sent to Department of Justice attorneys to assist them in the preparation for litigation; (3) Records indicating a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, may be referred to the appropriate Federal, state, local or foreign agency charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, rule, regulation or order issued pursuant thereto; (4) Disclosures to opposing counsel, a court magistrate or administrative tribunal in the course of a legal proceeding, and disclosures to opposing counsel in the course of discovery proceedings for the purpose of, enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto; (5) Disclosures to Federal, state or local agencies maintaining civil, criminal or other relevant enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit; (6) Disclosures to a Federal agency in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter; (7) Disclosure to a student participating in a Secret Service

student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records are contained in file jackets.

RETRIEVABILITY:

This System is indexed chronologically for administrative claims and requests for information regarding reproductions. Access to the physical files containing litigation records is by name.

SAFEGUARDS:

The file jackets are secured in a locked room with guards on duty on an around-the-clock basis. Access to the records is available only to employees responsible for record management and operational employees who have a need for such information, each of whom holds a top secret security clearance.

RETENTION AND DISPOSAL:

(1) Closed litigation case files are retained for a period of 5 years; (2) Administrative claims, and requests for information are disposed of at varying intervals in accordance with the records retention schedule approved by the National Archives and Records Administration. Any disposal is by shredding and/or burning.

SYSTEM MANAGER(S) AND ADDRESS:

Chief Counsel, U.S. Secret Service, 950 H St., NW, Suite 9200, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether the system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Requests for information contained in this System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) Administrative claims are filed by those individuals who believe that they have a claim against the U.S. Secret Service; (b) Individuals who are involved in legal proceedings against the U.S. Secret Service. All litigation reports are initiated by Office of Chief Counsel, U.S. Secret Service. Information may be received from courts, administrative bodies, other federal or state agencies and private parties or entities who have information concerning a legal matter involving the U.S. Secret Service, and (c) Requests for information regarding the use of reproductions from Secret Service field offices, the general public, and from professional organizations; other Federal agencies, and Federal, State and local courts.

EXEMPTIONS CLAIMED FOR THE SYSTEM:

None.

- Treasury/USSS.003

SYSTEM NAME:

Criminal Investigation Information System-Treasury/USSS.

SYSTEM LOCATION:

(a) United States Secret Service, (Headquarters) 950 H St., NW, Washington, DC 20223; (b) Components of this System are geographically dispersed throughout Secret Service field offices. (See United States Secret Service Appendix A listing the addresses of Secret Service field offices.)

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who have been or are currently the subject of a criminal investigation by the U.S. Secret Service in connection with the performance by that agency of its authorized criminal investigative functions; (b) Individuals who are payees, registered owners or endorsers of stolen or lost obligations and other securities of the United States; (c) Individuals who are witnesses, complainants, informants, suspects, defendants, fugitives, released prisoners, correspondents, organized crime figures, and victims of crimes who have been identified by the Secret     [*45365]     Service in the conduct of criminal investigations or by information supplied by other law enforcement agencies, government units, and the general public.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records containing information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrest, the nature and disposition of criminal charges, sentencing, confinement, release, and parole or probation status; (b) Records containing information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; (c) Records containing reports identifiable with an individual compiled at various stages of the process of enforcement of criminal laws from arrest or indictment through release from supervision; (d) Records containing investigatory material compiled for law enforcement purposes, including but not limited to, handwriting exemplars; laboratory analyses of inks and papers; handwriting analyses; petitions for the remission of forfeitures;

notice of non-receipt of Treasury drafts; affidavits of forged endorsements; opinions of the examiner of questioned documents; reports or opinions from the examination of computer evidence; reports or opinions from the examination of altered cellular telephones; certificates by owners of U.S. registered securities concerning forged requests for payments or assignments; applications for relief on account of loss, theft, or destruction of U.S. Savings Bonds or checks; photographic reproductions of obligations and other securities of the United States; contraband items; claims against the United States for the proceeds of government checks and bonds; and reports necessary for the settlement of check and bond claims; names and telephone numbers of persons intercepted by electronic, mechanical, or other device under the provisions of Title 18 U.S.C., Section 2510 et.seq. compiled during the lawful course of a criminal or civil investigation.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

(1) Disclosure to Federal, state, and local government agencies foreign or domestic, having prosecutive and civil law enforcement functions for use by attorneys, magistrates, and judges, parole or probation authorities and other law enforcement authorities for the purpose of developing a criminal or civil investigation, prosecuting, sentencing, or determining the parole and probation status of criminal offenders or suspected criminal offenders; (2) Disclosure to personnel of other Federal, state and local law enforcement agencies, foreign or domestic, for the purpose of developing information on subjects involved in Secret Service criminal investigations and assisting other law enforcement agencies in the investigation and prosecution of violations of the criminal laws which those agencies are responsible for enforcing; (3) Disclosure to personnel of Federal, state, and local governmental agencies, where such disclosure is considered reasonably necessary for the purpose of furthering Secret Service efforts to investigate the activities of and apprehend criminal offenders and suspected criminal offenders; (4) Disclosure to personnel of Federal, state, and local governmental agencies, foreign and domestic, where there is a showing of reasonable necessity to obtain such information to accomplish a valid law enforcement purpose; (5) Disclosure to employees and officials of financial and commercial business firms and to private individuals of identifying information pertaining to actual or suspected criminal offenders where such disclosure is considered reasonably necessary for the purpose of furthering Secret Service efforts to investigate the activities of and apprehend criminal offenders and suspected criminal offenders; (6) Records maintained in this System indicating a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, may be disclosed to the appropriate agency, whether Federal, state, local or foreign, charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, or rule, regulation or order issued pursuant thereto; (7) Disclosures in the course of presenting evidence to a court, magistrate or administrative tribunal and disclosures to opposing counsel in the course of discovery proceedings for the purpose of enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular

program statute, or by regulation, rule or order issued pursuant thereto; (8) Disclosures to Federal, state or local agencies maintaining civil, criminal or other pertinent information or enforcement information relevant to an agency decision concerning the hiring or retention of an employee, or the issuance of a license, grant or other benefit; (9) Disclosures to a Federal, state or local agency in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter; (10) Disclosures of information relating to criminal and civil proceedings to the news media in accordance with the guidelines contained in 28 CFR 50.2; (11) Disclosure in connection with the utilization by the Secret Service of the Northern Virginia Regional Identification System for the storage and retrieval of fingerprint information maintained by the Secret Service; (12) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

   All records comprising this system are contained in file jackets, computerized data systems, microfilm and microfiche. Portions of the indices and information contained in the records are maintained in electronic storage media located at Headquarters.

RETRIEVABILITY:

   This system is indexed by name, address, vehicle license number, and/or telephone number, and is retrieved through computer search of magnetic media indices both at Headquarters and in the field offices. Additionally, subjects are retrievable from the computerized files by physical description. Access to the physical files containing records is by case number.

SAFEGUARDS:

   (1) At Headquarters, the file jackets containing the records are secured by alarms, and other internal security devices, in locked rooms with guards on duty on an around-the-clock basis.   [*45366]   Access to the records is available only to employees responsible for records management and operational employees with a "need to know," each of whom has a top secret security clearance; (2) In field offices the file jackets are located in locked filing cabinets and when Secret Service employees are not on duty, in locked rooms. Access to the system is controlled and limited to employees of the Secret Service holding top secret security clearances.

RETENTION AND DISPOSAL:

   (1) All Judicial cases, 20 years; (2) Non-judicial criminal investigative cases (except non-judicial check and bond cases), 10 years; (3) Non-judicial check claim and bond forgery cases, 5 years; (4) Administrative files of an investigatory nature, 5 years; (5) All other files and records the disposition

of which is not otherwise specified, 5 years; (6) Investigations for other districts, 2 years; (7) Receipts vary with the case file to which they pertain; (8) Investigation Control Forms, varies; (9) Arrest History Forms, Indefinite; (10) Headquarters Criminal Investigative case files, 30 years; indices and microfilm copies are retained for an indefinite period; (11) Consensual and non-consensual interception indices, 10 years or when investigative use no longer exists, whichever is longer; (12) Fingerprint and photograph files, at varying intervals in accordance with record retention schedules approved by the National Archives and Records Administration. Disposal is by burning, shredding, maceration, and pulping, and/or electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

Assistant Director, Office of Investigations, U.S. Secret Service, 950 H St., NW, Suite 8900, Washington, DC 20223.

NOTIFICATION PROCEDURE:

In accordance with the provisions of 5 U.S.C. 552a (j) and (k), the Director of the U.S. Secret Service has exempted this System from compliance with the provisions of 5 U.S.C. 552a (e)(4)(G).

RECORD ACCESS PROCEDURES:

In accordance with the provisions of 5 U.S.C. 552a (j) and (k), the Director of the U.S. Secret Service has exempted this System from compliance with the provisions of 5 U.S.C. 552a (e)(4)(H).

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from compliance with the provisions of 5 U.S.C. 552a (e)(4)(I).

EXEMPTIONS CLAIMED FOR THE SYSTEM:

This system is exempt from 5 U.S.C. 552a (c)(3), (c)(4), (d), (e)(1), (e)(4)(G), (e)(4)(H), and (e)(4)(I), of the Privacy Act pursuant to 5 U.S.C. 552a (j)(2) and (k)(2). See 31 CFR 1.36.

Treasury/USSS.004

System name:

Financial Management Information System-Treasury/USSS.

SYSTEM LOCATION:

(a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A,

listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223; (c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780. (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue Of the Stars, Century City, CA 90067, (l) Bush Protective Division, U. S. Secret Service P.O. Box 79797, Houston, Texas 77279-9797, (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, DC 20502.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who are now, or were previously, Secret Service employees; (b) Individuals, contractors, vendors, etc., who are presently doing business with or previously did business with the Secret Service; (c) Individuals who are involved in or were previously involved in tort claims with the Secret Service; (d) Individuals who are now or previously were involved in payments (accounts receivable) with the Secret Service; (e) Individuals who have been recipients of awards.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records containing information compiled for the purpose of pay, travel, property damage, expenses incurred other than travel, and retirement annuities and taxes; (b) Records containing information of accounts receivable and payable, involving Secret Service employees and other persons; (c) Records containing information of tort claims dealing with Secret Service property, concerning payment and accounts receivable; (d) Records containing information on the expenditures, anticipated expenditures, and budget studies of the Secret Service; (e) Time and attendance records.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

31 U.S.C. 68, 484, 952, and 1801 through 1806, and 5 U.S.C. 5514, and 21 U.S.C. 2415.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses of the records contained in this System are as follows: (1) Disclosure to the Internal Revenue Service, U.S. Treasury, GAO, OPM and other Federal agencies dealing with the payment and collection of monies concerning Secret Service employees; (2) disclosure to the Internal Revenue Service, U.S. Treasury Department, OPM, GAO, and other Federal agencies dealing with the payment, collection and audit of monies concerning persons who have financial dealings with the Secret Service; (3) To establish and maintain a means of

gaining statistical information needed to answer inquiries from other Federal, state, and local governments and Congress; (4) To establish a reporting system to Treasury, OMB, GAO, and Congress concerning Secret Service expenditures; (5) To establish a means of payments to contractors and vendors for purchases made by Secret Service; (6) Disclosure to other Federal agencies to effect inter-agency salary offset and to affect inter-agency administrative offset; (7) Disclosures to debt collection agencies for debt collection services; (8) Disclosures of current mailing addresses obtained from the Internal Revenue Service, which have become a part of this system, to consumer reporting agencies to obtain credit reports and to debt collection agencies for collection services; (9) Disclosures to appropriate    [*45367]    Federal, State, or foreign agencies responsible for investigating or prosecution of the violation of, or for enforcing or implementing, a statute, rule, regulation, order or license; (10) Disclosures to a Federal, state, or local agency, maintaining civil, criminal or other relevant enforcement information or other pertinent information, which has requested information relevant to or necessary to the requesting agency's or the bureau's hiring or retention of an employee, or issuance of a security clearance, license, contract, grant, or other benefit; (11) Disclosures to a court, magistrate, or administrative tribunal in the course of presenting evidence, including disclosures to opposing counsel or witnesses in the course of civil discovery, litigation, settlement negotiations, in response to a subpoena, or in connection with criminal law proceedings; (12) Disclosures to foreign governments in accordance with formal or informal international agreements; (13) Disclosures to a congressional office in response to an inquiry made at the request of the individual to whom the record pertains; (14) Disclosures to the news media in accordance with guidelines contained in 28 CFR 50.2 which relate to an agency's functions relating to civil and criminal proceedings; (15) Disclosure to third parties during the course of an investigation to the extent necessary to obtain information pertinent to the investigation; (16) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

DISCLOSURES TO CONSUMER REPORTING AGENCIES:

Disclosures pursuant to 5 U.S.C. 552a(b)(12) may be made from this system to consumer reporting agencies as defined in the Debt Collection of 1982 (31 U.S.C. 3701 (a)(3) or the Fair Credit Reporting Act [15 U.S.C. 1681a(f)].

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

All records are contained in files, and/or microfiche. The information contained in this System is stored in computers maintained at Headquarters.

RETRIEVABILITY:

This System is indexed by name and/or number at Headquarters and by name only in field offices, resident offices and protective divisions. Access is by name and/or number.

SAFEGUARDS:

(1) The file jackets, and computers are secured by alarms and other internal security devices in locked rooms with guards on duty on a 24-hour basis; (2) Access to the records is available only to employees responsible for records management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (3) The file jackets are located in locked rooms when Secret Service employees are not on duty. Access is limited to employees holding top secret security clearances.

RETENTION AND DISPOSAL:

(1) Financial Management Division's automated accounting systems, foreign disbursement file, and paid files are retained for six years and three months; (2) Accounts receivable systems are maintained for six years and three months unless they are not liquidated; (3) Systems for holiday, overtime, and other pay adjustments, enter on duty information, resignations, retirements, reassignments, etc., are disposed of at varying intervals in accordance with records retention schedules approved by the National Archives Record Administration (NARA); (4) Records on personnel are retained in accordance with mandatory National Archives and Records Administration General Records Schedules 2, 5, 6, and 7. Disposal of records is by burning, mulching, shredding, or electronic deletion.

SYSTEM MANAGER(s) AND ADDRESS:

Assistant Director, Office of Administration, 950 H St., NW, Suite 8250, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether this system contains a record pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Request for information contained in this System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) Individuals who are presently or were previously Secret Service employees; (b) Individuals who are presently or were service contractors or suppliers with the Secret Service; (c) Individuals who are presently or were previously involved in tort claims with the Secret Service; (d) Individuals who are presently or were previously involved in collections and disbursements with the Secret Service; (e) Internal Revenue Service; (f) Surviving spouse of deceased personnel.

EXEMPTIONS CLAIMED FOR THE SYSTEM:

None.

Treasury/USSS.006

SYSTEM NAME:

   Non-Criminal Investigation Information System-Treasury/USSS.

SYSTEM LOCATION:

   System location: (a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A, listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223; (c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780. (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue Of the Stars, Century City, CA 90067; (l) Bush Protective Division, U. S. Secret Service P.O. Box 79797, Houston, Texas 77279-9797, (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, DC 20502, (n) WAVES Center, Old Executive Office Building, Rm. 065, Washington, DC 20502.   [*45368]

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

   (a) Individuals who are applicants for employment with the U.S. Secret Service and other bureaus of the Department of the Treasury; (b) Individuals who are employees of the U.S. Secret Service and other bureaus of the Department of the Treasury holding security clearances granting access to classified documents and records; (c) Individuals who have filed administrative claims with the Secret Service and other bureaus of the Department of the Treasury under the Federal Tort Claims Act or who have been involved in automobile accidents or other incidents involving employees of the Secret Service and other bureaus of the Department of the Treasury resulting in tort claims against such individuals; (d) Individuals involved in investigations required in the administration of the Government Losses in Shipment Act, the Gold Reserve Act, and the Silver Purchase Act; (e) Individuals who are employees of the Secret Service and other bureaus of the Department of the Treasury who have been accused of misconduct in the performance of their duties, or who have been the subject of a complaint involving the performance of their official functions; (f) Individuals who are the subject of investigations or supply information to investigative agents conducting special investigations relating to the performance by the Secret Service of its statutory and regulatory functions.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Record containing investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or access to classified information; (b) Records containing investigatory material compiled for law enforcement purposes, including but not limited to, reports of investigators relating to claims under the Federal Tort Claims Act, Government Losses in Shipment Act, the Gold Reserve Act and the Silver Purchase Act, and employee misconduct or malfeasance; (c) Records containing reports or statement of investigators, witnesses, complainants, claimants and correspondents associated with identifiable individuals.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056, Executive Order 10450 and Treasury Order 102-18 (revised March, 1985); and Treasury Order 173-1.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses of the records contained in this System are as follows: (1) Disclosure to the Department of Justice and other Federal agencies for administrative, civil, or other legal proceedings to be used by personnel officials, attorneys, administrative law officers, and judges; (2) Disclosure to personnel of other Federal, state and local governmental agencies, foreign and domestic, for the purpose of developing or confirming information on individuals involved in non-criminal investigations conducted by the Secret Service; (3) Disclosure to personnel of private institutions and to private individuals for the purpose of confirming and/or determining suitability, eligibility, or qualifications for Federal civilian employment or access to classified information; and for the purposes of furthering the efforts of the Secret Service to investigate the activities of individuals related to or involved in non-criminal civil and administrative investigations; (4) Disclosure to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for the purpose of determining suitability, eligibility, or qualifications for employment with or access to classified information in such other agency or instrumentality; (5) Records maintained indicating a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, may be referred to the appropriate agency, whether Federal, state, local or foreign, charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, or rule, regulation or order issued pursuant thereto; (6) Disclosures in the course of presenting evidence to a court, magistrate or administrative tribunal and disclosures to opposing counsel in the course of discovery proceedings for the purpose of enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto; (7) Disclosures to Federal, state or local agencies maintaining civil, criminal or other relevant enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit, to the extent that the information is relevant and necessary to the requesting agencies' decision on the matter; (8) Disclosures of information relating to civil proceedings to

the news media in accordance with the guidelines contained in 28 CFR 50.2; (9) Disclosure to Federal, state, or local government agencies for the purpose of developing a relevant ongoing civil, criminal, or background investigation; (10) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

   Records comprising this system are contained in file jackets, computerized data systems, microfilm, and microfiche. Portions of the information are maintained in on-line computer data files located at Headquarters.

RETRIEVABILITY:

   This System is indexed alphabetically by name in Headquarters, Office of Inspection, and in field offices and retrieved through manual search of index cards and/or through computer search of magnetic media. Access to the physical files is by case number obtained from the name indices.

SAFEGUARDS:

   (1) The file jackets, indices and magnetic media are secured by alarms and other internal security devices in locked rooms with guards on duty on an around-the-clock basis. Access to the records is available only to employees responsible for record management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (2) The file jackets field offices are located in locked filing cabinets and when employees are not on duty, in locked rooms. Access to the system is limited to employees holding top secret security clearances.

RETENTION AND DISPOSAL:

   The retention schedule is as follows: (1) All judicial case records are retained for a period of 30 years; (2) Applicant security and background investigation records of Secret Service employees are retained for 20 years after retirement or separation of the employee from Secret Service employment; (3) Applicant    [*45369]    investigation records relating to employees of Bureaus of the Treasury Department other than the Secret Service, are retained for 20 years; (4) All other records, the disposition of which are not otherwise specified, are retained. No destruction authorized. Magnetic media indices are retained for an indefinite period of time. Disposal: Disposal of records is by burning, shredding, maceration, pulping, and electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

   Assistant Directors, Office of Investigation and Office of Inspection, 950 H St., NW, Washington, DC 20223.

Notification procedure:

The Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a (e)(4)(G).

Record access procedures:

The Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a (e)(4)(H).

Contesting record procedures:

See "Record access procedures" above.

Record source categories:

The Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a (e)(4)(I).

Exemptions claimed for the system:

This system is exempt from 5 U.S.C. 552a (c)(3), (d), (e)(4)(G), (e)(4)(H), (e)(4)(I) and (f) of the Privacy Act pursuant to 5 U.S.C. 552a (j)(2) and (k)(2). See 31 CFR 1.36.

Treasury/USSS.007

System name:

Protection Information System-Treasury/USSS.

System location:

(a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A, listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223;(c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780. (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue Of the Stars, Century City, CA 90067, (l) Bush Protective Division, U. S. Secret Service P.O. Box 79797, Houston, Texas 77279-9797, (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, DC 20502, (n) WAVES Center, Old Executive Office Building, Rm. 065, Washington, DC 20502

Categories of individuals covered by the system:

(a) Individuals who have been or are currently the subject of a criminal investigation by the U.S. Secret Service or another law enforcement agency for the violation of certain criminal statutes relating to the protection of persons or the security of properties; (b) Individuals who are the subjects of investigative records and reports supplied to the Secret Service by Federal, state, and local law enforcement agencies, foreign or domestic, other non-law enforcement governmental agencies, or private institutions and individuals; (c) Individuals who are the subjects of non-criminal protective and background investigations by the Secret Service and other law enforcement agencies where the evaluation of such individuals, in accordance with criteria established by the Secret Service, indicates a need for such investigations; (d) Individuals who are granted ingress and egress to areas secured by the Secret Service, or to areas in close proximity to persons protected by the Secret Service, including but not limited to invitees, passholders, tradesmen, and law enforcement, maintenance or service personnel; (e) Individuals who have attempted or solicited unauthorized entry into areas secured by the Secret Service; individuals who have sought an audience or contact with persons protected by the Secret Service or who have been involved in incidents or events which relate to the protective functions of the Secret Service; (f) Individuals who are witnesses, protectees, suspects, complainants, informants, defendants, fugitives, released prisoners, and correspondents who have been identified by the Secret Service or from information supplied by other law enforcement agencies, governmental units, private institutions, and members of the general public in connection with the performance by the Secret Service of its authorized protective functions.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records containing information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrest, the nature and disposition of criminal charges, sentencing, confinement, release, and parole or probation status; (b) Records containing information compiled for the purpose of a criminal investigation, including reports of informants and investigators, which are associated with an identifiable individual; (c) Records containing reports relative to an individual compiled at various stages of the process of enforcement of certain criminal laws from arrest or indictment through release from supervision; (d) Records containing information supplied by other Federal, state, and local law enforcement agencies, foreign or domestic, other non-law enforcement governmental agencies, private institutions and persons concerning individuals who, because of their activities, personality traits, criminal or mental history, or history of social deviancy, may be of interest to the Secret Service in connection with the performance by that agency of its protective functions; (e) Records containing information compiled for the purpose of identifying and evaluating individuals who may constitute a threat to the safety of persons or security of areas protected by the Secret Service; (f) Records containing information compiled for the purpose of background investigations of individuals, including but not limited to, passholders, tradesmen, maintenance or service personnel who have access to areas secured by or who may be in close proximity to persons protected by the Secret Service.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

The protective authority is contained in 18 U.S.C. 3056 and Section 1 of Public Law 90-331, (18 U.S.C. 871; 18 U.S.C. 1751). The protective and

security authority of the U.S. Secret Service Uniformed Division is contained in 3 U.S.C. 202.   [*45370]

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses are as follows: (1) Disclosure to the Department of Justice and other Federal, state, and local governmental agencies having a prosecutive function for the use of attorneys, magistrates, and judges; and parole and probation authorities for the purpose of prosecuting, sentencing, and determining the parole and probation status of criminal offenders or suspected criminal offenders; and for civil and other proceedings involving Secret Service Protective functions; (2) Disclosure to personnel of other Federal, state and local law enforcement agencies, foreign or domestic, for the purpose of developing information on subjects involved in Secret Service protective investigations and evaluations and for the purpose of protective intelligence briefings of personnel of other law enforcement and governmental agencies assisting the U.S. Secret Service in the performance of its protective functions; (3) Disclosure to personnel of Federal, state, and local governmental agencies, foreign or domestic, where such disclosures are considered reasonably necessary for the purpose of furthering Secret Service efforts to investigate the activities of those persons considered to be of protective interest; (4) Disclosure to personnel of Federal, state, and local law enforcement agencies and other governmental agencies, foreign or domestic, where there is a showing of a reasonable need to accomplish a valid enforcement purpose; (5) Disclosure to personnel of private institutions and to private individuals of identifying information pertaining to actual or suspected criminal offenders or other individuals considered to be of protective interest for the purpose of furthering Secret Service efforts to evaluate the danger such individuals pose to persons protected by that agency; (6) Records indicating a violation or potential violation of law, whether civil, criminal, or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule, or order issued pursuant thereto, may be disclosed to the appropriate agency, whether Federal, state, local or foreign, charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, or rule, regulation, or order issued pursuant thereto; (7) Disclosures in the course of presenting evidence to a court, magistrate or administrative tribunal and disclosures to opposing counsel in the course of discovery proceedings for the purpose of enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto; (8) Disclosures and/or responses to Federal, state or local agencies maintaining civil, criminal or other relevant law enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the issuance of a contract, grant or other benefit, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter; (9) Disclosures of information relating to criminal and civil proceedings to the news media in accordance with the guidelines contained in 28 CFR 50.2; (10) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND

DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

All records are contained in file jackets, microfilm, or microfiche. Portions of the information contained in the records are maintained in on-line computer data files located at Headquarters and in the Old Executive Office Building.

RETRIEVABILITY:

This System is indexed by case number and other case related data in master and magnetic media indices. Access to the physical files is by case number, both at Headquarters and the field offices.

SAFEGUARDS:

.- (1) The file jackets and magnetic media are secured in locked rooms secured by alarms and other internal security devices with guards on duty on a twenty four hour basis. Access to the records is available only to employees responsible for record management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (2) The file jackets in field offices are located in locked filing cabinets and in locked and alarmed rooms when employees are not on duty. Access to the system is limited to employees of the Secret Service holding top secret security clearances.

RETENTION AND DISPOSAL:

The retention schedule for records is as follows: (1) All judicial case records are retained for a period of 30 years. In cases where periodic checkups are conducted in protective intelligence cases, the retention period is computed from the date of the final check-up. (2) All other protective intelligence case records including protective surveys and non-judicial protective intelligence cases are routinely retained for a period of five years; (3) Disposal of records contained in this System is by burning or shredding.

SYSTEM MANAGER(s) AND ADDRESS:

Assistant Director, Office of Protective Research, Assistant Director Protective Operations, U.S. Secret Service, 950 H St., NW, Washington, DC 20223.

NOTIFICATION PROCEDURE:

In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a(e)(4)(G).

RECORD ACCESS PROCEDURES:

In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a(e)(4)(H).

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a(e)(4)(I).

EXEMPTIONS CLAIMED FOR THE SYSTEM:

This system is exempt from 5 U.S.C. 552a (c)(2), (c)(3), (c)(4), (d), (e)(3), (e)(4)(G), (e)(4)(H), (e)(4)(I), (e)(5), (e)(8), (f) and (g) of the Privacy Act pursuant to 5 U.S.C. 552a (j)(2), (k)(2) and (k)(3). See 31 CFR 1.36.

Treasury/USSS.008

SYSTEM NAME:

Public Affairs Record System-Treasury/USSS.

SYSTEM LOCATION:

U.S. Secret Service, 950 H St., NW, Washington, DC 20223.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Persons who are private citizens who correspond requesting information relating to the Secret Service; (b) Persons who are members of the news [*45371] media, authors and publishers requesting information about the Secret Service; (c) Members of Congress who make inquiries with the Secret Service; (d) Persons who are recipients of the Secret Service Honor Award, who have received recognition from or assisted the Secret Service.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records of inquiries received from the general public, the communication media and the press relative to Secret Service activities; (b) Records of awards presented by the Secret Service; (c) Records of Congressional inquiries and correspondence.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056 and Treasury Department Order Number 173-3, dated October 29, 1965.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses are as follows: (1) Disclosures and/or responses to members of Congress and/or the general public. (2) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records comprising this System are maintained in file jackets.

RETRIEVABILTY:

Records are filed alphabetically and chronologically.

SAFEGUARDS:

The records are secured in locked filing cabinets and/or in locked rooms, with guards on duty on a twenty four hour basis. Access is available only to employees responsible for management of the system and operational employees who have a need for such information, each of whom holds a top secret security clearance.

RETENTION AND DISPOSAL:

Records in this system are maintained in accordance with mandatory General Services Administration, Records Schedule 14, Items 1-7. Disposal of records is by burning, shredding, and electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

Assistant Director, Office of Government Liaison and Public Affairs, U.S. Secret Service, 950 H St., NW, Suite 8400, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether this system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Requests for information contained in the System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) The general public, the news media and members of Congress who correspond with the Secret Service; (b) Persons who have received awards or honors from the Secret Service.

EXCEPTIONS CLAIMED FOR THE SYSTEM:

None.

Treasury/USSS.009

SYSTEM NAME:

   Training Information System-Treasury/USSS.

SYSTEM LOCATION:

   James J. Rowley Training Center, Laurel, MD 20708.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

   Individuals who are now or were Secret Service employees and officers of the U.S. Secret Service Uniformed Division.

CATEGORIES OF RECORDS IN THE SYSTEM:

   Records containing the type and dates of training programs of the U.S. Secret Service employees, officers of the U.S. Secret Service Uniformed Division including course control documents and lesson plans for classes conducted by the Office of Human Resources and Training.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

   18 U.S.C. 3056.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

   Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service, otherwise, disclosures are not made outside of the Agency.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

   Records are maintained on cards and in a computer database.

RETRIEVABILITY:

   Records are filed alphabetically.

SAFEGUARDS:

   Records are secured in locked rooms with alarms when employees are not on duty. Access is available only to employees responsible for management of the records and operational employees who have a need for such information, each of whom holds a top secret security clearance.

RETENTION AND DISPOSAL:

   Records are currently disposed of at varying intervals in accordance with record retention schedules approved by the National Archives and Records

Administration (NARA).

SYSTEM MANAGER(S) AND ADDRESS:

   Assistant Director, Office of Human Resources and Training, U.S. Secret Service, 950 H St., Suite 8600, NW, Washington, DC 20223.

NOTIFICATION PROCEDURE:

   Individuals who wish to present a request as to whether this system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW., Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

   Requests for information contained in the System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

   See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

   (a) Individuals who are now or were Secret Service employees, officers of the U.S. Secret Service Uniformed Division, (b) Individuals from other Federal, state and local law enforcement agencies.

EXCEPTIONS CLAIMED FOR THE SYSTEM:

   None.

USSS Appendix A

U.S. Secret Service field offices and resident offices:

Great Washington Professional Building, 441 Wolf Ledges Parkway, Akron, OH 44311

Compass Bank Building, 505 Marquette   [*45372]   Street, NW, Suite 1700, Albuquerque, NM 87102

6100 Rockside Woods Blvd., Room 440, Cleveland, OH 44131-2334. Equitable Building, P.O. Box 54407, Atlanta, GA 30308

Ventnor Professional Campus, 6601 Ventnor Ave., Suite 501, Ventnor City, NJ 08406

Federal Office Building, 300 East 8th Street, Suite 972, Austin, TX 78701

100 S. Charles Street, 11th Floor, Baltimore, MD 21201

125 East John W. Carpenter Fwy, Suite #300, Irving, TX 75062

Daniel Bldg., 15 South 20th St., Suite 1125, Birmingham, AL 35233

Thomas P. O'Neill, Jr. Federal Bldg., 10 Causeway Street, Suite 791, Boston, MA 02222-1080

610 Main St., Suite 300, Buffalo, NY 14202

BB&T Square, 300 Summers Start, Suite 910, Charleston, WV 25301

One Fairview Center, 6302 Fairview Rd., Suite 400, Charlotte, NC 28210

Gateway IV Building, 300 Riverside Plaza, Suite 1200 North, Chicago, IL 60606

John Weld Peck Federal Building, 550 Main Street, Room 6118, Cincinnati, OH 45202

6100 Rockside Woods Blvd., Suite 440, Cleveland, OH 44131

Strom Thurmond Federal Bldg., 1835 Assembly Street, Suite 1425, Columbia, SC 29201

500 South Front Street, Suite 800, Columbus, OH 43215

125 East John W. Carpenter, Suite 300, Irving, TX 75062

1660 Lincoln Street, Suite 1430, Denver, CO 80264

Patrick V. McNamara Building, Suite 1000, 477 Michigan Avenue, Detroit, MI 48226

Mesa One Building, 4849 North Mesa, Suite 210, El Paso, TX 79912

330 Ionia Ave., NW, Suite 302, Grand Rapids, MI 49503-2350

301 North Main Street, Greenville, SC 29601

300 Ala Moana Boulevard; Room 6-210, P.O. Box 50046, Honolulu, HI 96850

602 Sawyer St., Suite 500, Houston, TX 77007

Federal Building, 575 N. Pennsylvania Street, Suite 211, Indianapolis, IN 46204

Federal Bldg., 100 West Capitol Street, Suite 840, Jackson, MS 39269

7820 Arlington Expressway, Suite 500, Jacksonville, FL 32211

JFK International Airport, Bldg.#75, Room 246, Jamaica, NY 11430

1150 Grand Avenue, Suite 510, Kansas City, MO 64106

P.O. Box 16027, Federal Station, Las Vegas, NV 89101

111 Center Street, Suite 1700, Little Rock, AR 72201

RoyBal Federal Bldg., 17th Fl., 255 E. Temple Street, Los Angeles, CA 90012

377 Federal Building, 600 Dr. Martin Luther King, Jr., Place, Louisville, KY 40202

35 Pinelawn Road, Suite 216E, Melville, NY 11747

5350 Poplar Ave., Suite 204, Memphis, TN 38119

8375 Northwest 53rd Street, Suite 100, Miami, FL 33166

572 Federal Courthouse, 517 E. Wisconsin Ave., Milwaukee, WI 53202

U.S. Courthouse, 300 South 4th Street, Minneapolis, MN 55415

182 Saint Francis Street, Suite 200, Mobile, AL 32501

U.S. Courthouse 658, 801 Broadway Street, Nashville, TN 37203

Headquarters Plaza-West Tower, Suite 700, One Speedwell Ave., Morristown, NJ 07960

P.O. Box 45, New Haven, CT 06501

Hale Boggs Federal Building, 501 Magazine St., Room 807, New Orleans, LA 70130

7 World Trade Center, 9th Fl., New York, NY 10048-1901

Federal Building, Suite 640, 200 Granby Street, Norfolk, VA 23510

Lakepointe Towers, Suite 650, 4013 NW Expressway, Oklahoma City, OK 73116

2707 North 108th Street, Suite 301, Omaha, NE 68164

135 W. Central Blvd., Suite 670, Orlando, FL 32801

7236 Federal Building, 600 Arch Street, Philadelphia, PA 19106-1676

3200 North Central Ave., Suite 1450, Phoenix, AZ 85012

William S. Moorehead Federal Bldg., 1000 Liberty Avenue, Room 1611, Pittsburgh, PA 15222

The Federal Center, 380 Westminster St., Suite 343, Providence, RI 02903

4407 Bland Road, Suite 210, Raleigh, NC 27609

Main St Centre, 600 East Main Street, Suite 1910, Richmond, VA 23219

4371 Latham St., Suite 203, Riverside, CA 92501

501 I Street, Suite 9-5000, Sacramento, CA 95814

301 E Genesee, Suite 200, Saginaw, MI 48607

111 South 10th Street, St. Louis, MO 63102

American Plaza II, 57 West 200 South, Suite 450, Salt Lake City, UT 84101

727 E. Durango Blvd.,Room B410, Federal Building, San Antonio, TX 78206

550 West C St., Suite 660, San Diego, CA 92101

345 Spear St., Suite 530, San Francisco, CA 94105

U.S. Courthouse and Federal Building, 280 South 1st St., Suite 2050, San Jose, CA 95113

200 W. Santa Ana Blvd., Suite 500, Santa Ana, CA 92701

915 Second Ave., Room 906, Seattle, WA 98174

601 W. Riverside Avenue, Suite 1340, Spokane, WA 99201

400 West Monroe, Suite 301, Springfield, IL 62704

501 East Polk St., Room 1101, Tampa, FL 33602

402 East State Street, Trenton, NJ 08608

1050 Connecticut Ave., NW, Suite 1000, Washington, DC 20036

Suite 800, 505 South Flagler Drive, West Palm Beach, FL 33401

140 Grand St., Suite 300, White Plains, NY 10601

920 King Street, Suite 414, Wilmington, DE 19801

American Embassy/USSS-Bangkok Box 64, APO AP 96546

U.S. Embassy-Bogota, Unit 5146, APO AA 34038

American Embassy, Bonn, PSC 117, Box 300, APO AE 09080

U.S. Consulate, Montreal, P.O. Box 847, Champlain, NY 12919-0847

American Embassy/USSS-London, England PSC 801, Box 64, FPO AE 09498-4064

1510 FD Roosevelt Ave., Suite 3B, Guaynabo, PR 00968

United States Consulate General, PSC 59, Milan, APO AE 09624

American Embassy, Nicosia, PSC 815, FPO AE 09836

American Embassy/USSS-Manila, Philippines PSC 500 Box 12 FPO AP 96515

American Embassy/USSS-Paris, PSC 116, Box D306, APO AE 09777-5000

American Embassy/USSS-Rome, Italy PSC 59, Box 62, USSS, APO AE 09624

U.S. Consulate General, PSC 464, Box 25, FPO AP 96521-0006

U.S. Embassy, P.O. Box 5000, Ogdensburg, NY 13669

PCS 120, Box 3000, APO AE 09265

PSC 77 (USSS), APO AE 09721

Department of State, 9300 Pretoria Place, Washington, DC 20521

U.S. Consulate, Vancover, P.O. Box 5002, Point Roberts, WA 98281

[FR Doc. 01-21653 Filed 8-27-01; 8:45 am]

    BILLING CODE 4810-42-P

```
****-----------------------------------------------------------------------****
*      67 PAGES                2688 LINES              JOB  55351   10088D      *
*    3:43 P.M. STARTED       3:44 P.M. ENDED                04/28/03           *
****-----------------------------------------------------------------------****
****-----------------------------------------------------------------------****
*                    EEEEE      N    N      DDDD                               *
*                    E          N    N      D   D                             *
*                    E          NN   N      D    D                            *
*                    EEE        N N  N      D    D                            *
*                    E          N   NN      D    D                            *
*                    E          N    N      D   D                             *
*                    EEEEE      N    N      DDDD                               *
```

```
****-----------------------------------------------------------------------****

****-----------------------------------------------------------------------****
```

SEND TO: CAHILL, DONNA
         US SECRET SERVICE
         LEGAL COUNSEL
         950 H ST NW
         WASHINGTON, DISTRICT OF COLUMBIA 20373-5802

**Exhibit 7**



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Kathy J. Lyerly
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Executive Office for United States Attorneys
FOIA/Privacy Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530-0001
Attn: William G. Stewart, II
Acting Assistant Director

FEB 27 2007

Requester:     Ann Mogenhan

File Number:   20050106

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒     Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☒     Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐     USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐     USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒     Please furnish us a copy of your final response to the requester regarding these documents.

☐     Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Arnetta James at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Kathy J. Lyerly
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Social Security Administration                                    FEB 27 2007
FOIA Office
6401 Security Boulevard, Room 3-A-6 Operations
Baltimore, MD 21235
Attn: Jonathan Cantor

Requester:        Ann Mogenhan

File Number:      20050106

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒        Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☒        Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐        USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐        USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒        Please furnish us a copy of your final response to the requester regarding these documents.

☐        Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Arnetta James at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Kathy J. Lyerly
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Department of Labor
Office of the Solicitor, Room N-2428
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn: Joseph J. Plick

FEB 27 2007

Requester:        Ann Mogenhan

File Number:      20050106

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒        Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☒        Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐        USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐        USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒        Please furnish us a copy of your final response to the requester regarding these documents.

☐        Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Arnetta James at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Kathy J. Lyerly
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

FEB 27 2007

Department of Health and Human Service
Mary E. Switzer Building
330 C Street, S.W., Room 5416
Washington, D.C. 20201
Attn: Robert Eckert
Director, FOIA/Privacy Divison

Requester:    Ann Mogenhan

File Number:    20050106

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Arnetta James at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Kathy J. Lyerly
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

General Services Administration
Information Management and Administrative Policy Division
1800 F Street N.W., Room 7123
Washington, D.C. 20405
Attn: Sharon V. Lighton
FOIA Officer

FEB 27 2007

Requester:    Ann Mogenhan

File Number:    20050106

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Arnetta James at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ANNE MARIE MOGENHAN,                    )
                                       )
            Plaintiff,                  )
                                       )          Civil Case No. 06-2045 (EGS)
      v.                                )
                                       )
DEPARTMENT OF HOMELAND SECURITY         )
                                       )
                                       )
_____Defendant._____)

ORDER

Upon consideration of defendant's partial motion for summary judgment concerning the

reasonableness of the defendant's search and the exemptions applied to documents by the defendant

agency, and the response to said motion,  it is hereby

ORDERED that the defendant's motion for partial summary judgment is GRANTED.

Date: _____          _____
                             UNITED STATES DISTRICT JUDGE