UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANN MARIE MOGENHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-02045-EGS |
| | * | |
| DEPARTMENT OF | * | |
| HOMELAND SECURITY, | * | |
| | * | |
| | * | |
| Defendant, | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and LCvR 56.1, Plaintiff, Anne Marie Mogenhan, respectfully submits its reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff's memorandum in support of its reply is annexed hereto.

Respectfully submitted,

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,     *
                                       *
Plaintiff,                       *
                                       *
v.                                          *     Civil Action No. 1:06-02045-EGS
                                       *
DEPARTMENT OF            *
HOMELAND SECURITY,      *
                                       *
                                       *
Defendant,

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

      Plaintiff hereto adds additional material facts as to which there is no genuine dispute to its motion for summary judgment filed February 13, 2007. These facts occurred following Plaintiff's aforementioned filing date.

1.      On February 27, 2007, and March 7, 2007, Defendant sent to Plaintiff correspondence referencing a response to the FOIA request (exhibit "11").

2.      The correspondence acknowledges that the government has now supplied to Plaintiff the following: (a) Reports of Investigation related to two equal employment opportunity complaints filed by Plaintiff; (b) Plaintiff's security clearance background investigation file; and (c) a Secret Service Office of Inspection criminal investigation file concerning Ms. Mogenhan.

3. The correspondence further notes that the government released the documents in two batches, 1031 and 43 pages respectively.

4. The correspondence further acknowledges that Plaintiff paid $541.30, yet the government now contends that there will be a refund in the amount of $444.60, due to its over inflated original estimate.

5. Plaintiff's counsel received the last of these records on March 12, 2007. Notably, while they may have been received by the office on March 9, 2007, Plaintiff's counsel did not go through his Friday mail until March 12, 2007.

                                                Respectfully submitted,

                                                _____/s/_____
                                                Morris E. Fischer, Esq.
                                                MD Bar No: 26286
                                                Air Rights Center
                                                4550 Montgomery Avenue
                                                Suite 601N
                                                Bethesda, MD 20814
                                                (301) 469-3498 phone
                                                (301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANN MARIE MOGENHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-02045-EGS |
| | * | |
| DEPARTMENT OF | * | |
| HOMELAND SECURITY, | * | |
| | * | |
| | * | |
| Defendant, | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S REPLY TO DEFENTDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

This is an action by Plaintiff Ann Marie Mogenhan ("Mogenhan," "Plaintiff") to redress actions taken individually and collectively by Defendant, Department of Homeland Security, ("Defendant") based on the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000).* Plaintiff on a number of occasions submitted requests and paid the appropriate fee to obtain her employment file from the Defendant's Secret Service Department. Without any explanation, Defendant failed to comply with these requests. As such, Summary Judgment is herein warranted.

### I. FACTUAL BACKGROUND

Plaintiff adopts, by reference, its Statement of Material Facts not in Genuine Dispute attached hereto and in its motion (Dkt. 8).

**II.   ARGUMENT**

**A.   Defendant's Argument is Without Merit**

Defendant's argument is that there never was a request for Plaintiff's employment file. As such, it had no duty to present this file to Plaintiff.

This argument takes a very narrow look at this action. The paper trail in this case as presented in Plaintiff's Motion for Summary Judgment and Complaint, make clear that Plaintiff's June 11, 2004 (Dkt. 8, exhibit "1") was responded to by Defendant, that it understood the request; it advised that the file was 5513 pages; it charged $541.30 (Dkt. 8, exhibit "2"). Defendant did not follow through on Plaintiff's request for her file until February 27, 2007 and March 7, 2007, almost three years later.

Defendant represented that there were 5513 pages for Plaintiff's aforementioned request. Plaintiff was justified in believing that its request included Plaintiff's employment file and all records related to Plaintiff. Plaintiff contends that in response to this motion, Defendant changed its position as to its "understanding" of the request, simply to have a defense in this case.

**B.   Plaintiff Has Substantially Prevailed In This Case**

It is well established that in deciding whether party has substantially prevailed for purpose of attorney fees, court should consider whether prosecution of action could reasonably be regarded as necessary to obtain information and whether action has substantial causative effect on delivery of information. *Clarkson v IRS,* (1982, CA11 Ga) 678 F2d 1368, 8 Media L R 1933, 82-2 USTC P 9437, 50 AFTR 2d 5407, 63 ALR Fed 657. Where filing

of complaint is necessary to end results in achieving disclosure, requester is prevailing party for purpose of attorney fee award. *Seegull Mfg. Co.* v *NLRB*, (1984, CA6 Tenn) 735 F2d 971, 116 BNA LRRM 2569, 101 CCH LC P 11049, vacated on other grounds, op replaced (1984, CA6 Tenn) 741 F2d 882, 117 BNA LRRM 2160, 101 CCH LC P 11162.

In the case at bar, there is clear and certain link between the filing of this action, coupled with the filing of this motion and the production of the 1074 pages of records nearly three years later. Defendant would not have produced these records without the litigation activity; and as such, even though Plaintiff used the term, "employment" file, rather than "investigative" file in its complaint, Plaintiff's exhibits which detail the correspondence, put Defendant on notice that the records which Defendant ultimately sent on the aforementioned dates were at issue. Consequently, the Court should at minimum, enter Summary Judgment for the Plaintiff with respect to the litigation activity related to the investigative files. Defendant has produced absolutely no defense as to why it took close to three years to produce those records.

Should the Court rule that Plaintiff's complaint did not sufficiently refer to the investigative files and the employment records sought in this case, then the Court should permit Plaintiff to amend his complaint to state the claim with more particularity. Either way, the case is one in which Plaintiff would have had no records submitted to her but for this action.

    C.    **Defendant's Procedural Arguments are Without Merit**

Defendant argues that Plaintiff failed to file a certificate of service for this motion with the United States Attorney's Office. That argument is without merit. Plaintiff filed the

motion electronically, after defense counsel was already defending the case. This is easily seen on the Pacer entries. As such, Defendant was not prejudiced in any way and received notice of the motion.

### III.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court grant judgment on these claims herein.

>                     _____/s/_____
>                     Morris E. Fischer, Esq.
>                     MD Bar No: 26286
>                     Air Rights Center
>                     4550 Montgomery Avenue
>                     Suite 601N
>                     Bethesda, MD 20814
>                     (301) 469-3498 phone
>                     (301) 469-3499 fax



U.S. Department of Homeland Security
# UNITED STATES SECRET SERVICE

February 27, 2007

Morris E. Fischer, Esq.
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, Maryland 20814

File Number: 20050106

Dear Mr. Fischer:

Reference is made to information request you filed on behalf of your client, Ann Marie Mogenhan, relating to investigative files maintained by the United States Secret Service (Secret Service) concerning her.

During the processing of your client's request, the Secret Service determined that Ms. Mogenhan's initial request was a set of questions rather than a request for a document or set of documents. It was then determined that the broadest possible interpretation of this request would include investigative files maintained by the Secret Service concerning Ms. Mogenhan.

A search for records responsive to this request indicates that the Secret Service maintains four investigative files concerning your client. These files consist of two Reports of Investigation related to two equal employment opportunity complaints filed by Ms. Mogenhan while she was employed by the Secret Service (the ROIs); her security clearance background investigation file (the Background File), and a Secret Service Office of Inspection criminal investigation file concerning Ms. Mogenhan (the Inspection File).

The two ROIs are being released in full and are enclosed with this letter.

Also being released with this letter is the above referenced Background File. However, seven pages contained in this file are properly withheld in full under the Privacy Act of 1974 (Privacy Act), title 5 of the Untied States Code, section 552a(j)(2)(A) and the Freedom of Information Act (FOIA), title 5 of the United States Code, section 552 (b)(6) and (b)(7)(C). This material is being withheld pursuant to Title 5, United States Code, exemption Privacy Act exemption (a)(j)(2)(A), as information compiled for the purpose of identifying criminal offenders and alleged offenders and consisting only of identifying data and notation of arrest, the nature and disposition of criminal charges, sentencing, confinement, release, and parole or probation status. This information is also being withheld under FOIA exemptions (b)(6) and (b)(7)(C) as information the release of which

would [unwarranted] invasion of personal and/or as information compiled for law enfo[rcement] purposes, the disclosure of which could reasonably be expected to constitute a[n unw]arranted invasion of personal privacy.

In regard to the Inspection File, that file is not available to your client under the Privacy Act. The Inspection File is a part of the Secret Service's Criminal Investigative System of Records, which is exempt from the access provisions of the Privacy Act pursuant to exemption (j)(2). See 66 FR 45362. Portions of the Inspection File are, however, available to your client under the FOIA. The portions of the Inspection File that are releasable under the FOIA are enclosed with this letter. Certain information in the Inspection File is being withheld under exemptions (b)(6) and (b)(7)(C) as information the disclosure of which would lead to an unwarranted invasion of privacy, and/or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 43 pages of the Inspection File are being withheld in full under the two exemptions cited above.

Finally, the Secret Service determined that certain of the information contained in the Inspection File originated with other federal agencies, and as such this information has been referred to these agencies for direct response to Ms. Mogenhan.

The Secret Service has released to Ms. Mogenhan with this letter 1031 pages of responsive information. Because the plaintiff has already submitted $541.30 (based on the earlier estimate of responsive documents to be released), the Secret Service will be processing a refund in the amount of $448.20, which will be forwarded to the Plaintiff as expeditiously as possible.

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

Sincerely

*Kathy J. Lyerly*

Kathy J. Lyerly
Special Agent in Charge,
Liaison Division, Office of Government and Public Affairs and Freedom of Information and Privacy Acts Officer, United States Secret Service

Enclosures



U.S. Department of Homeland Security
# UNITED STATES SECRET SERVICE

MAR 7 2007

Morris E. Fischer, Esq.
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, Maryland 20814

File Number: 20050106

Dear Mr. Fischer:

Reference is made to the information request you filed on behalf of your client, Ann Marie Mogenhan, relating to investigative files maintained by the United States Secret Service (Secret Service) concerning her. Further reference is made to our correspondence of February 27, 2007 whereby we released 1,031 pages of responsive material.

Further review of the materials that were withheld in full indicated that the enclosed 43 pages could be released in part, by removing the identifying information of third parties. The identifying information concerning the third parties continues to be withheld under exemption (b)(6) and (b)(7)(c). The disclosure of this identifying information would result in an unwarranted invasion of personal privacy, and/or was compiled for law enforcement purposes and could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Including the pages released with this letter, the Secret Service has released to Ms. Mogenhan 1,074 pages of responsive information. Because the plaintiff has already submitted $541.30, the Secret Service will process a refund in the amount of $444.60 as expeditiously as possible.

Sincerely,

Kathy J. Lyerly
Special Agent in Charge,
Liaison Division, Office of Government and Public
Affairs and Freedom of Information and Privacy
Acts Officer, United States Secret Service

Enclosures