UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANN MARIE MOGENHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-02045-EGS |
| | * | |
| DEPARTMENT OF | * | |
| HOMELAND SECURITY, | * | |
| | * | |
| | * | |
| Defendant, | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION
FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff, Anne Marie Mogenhan, respectfully submits this opposition to Defendant's Motion for Summary Judgment in this matter. In support of this motion, plaintiff respectfully refers the Court to the concise statement of genuine issues and the attached memorandum of law.

Respectfully submitted,

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,           *
                              *
Plaintiff,                    *
                              *
v.                            *     Civil Action No. 1:06-02045-EGS
                              *
DEPARTMENT OF                 *
HOMELAND SECURITY,            *
                              *
                              *
Defendant,

*    *    *    *    *    *    *    *    *    *    *    *

**PLAINTIFF'S CONCISE STATEMENT OF GENUINE ISSUES
SETTING FORTH ALL MATERIAL FACTS NECESSARY FOR LITIGATION**

Pursuant to Local Rule 7(h), Plaintiff hereby submits the following statement of material facts, in addition to the material facts in which Defendant set forth in her Summary Judgment motion, as to which Defendant claims there is no genuine dispute. Plaintiff contends that the Court need consider these facts as well as they establish issues of fact that are necessary for litigation.1

1.   Plaintiff was employed with the United States Secret Service, a department of the Department of Homeland Security.

2.   In June of 2004, Plaintiff, through counsel in a FOIA request, sought information with respect to an investigation done by the Secret Service upon her, which

---

1 Plaintiff has its own Motion for Summary Judgment and contends that no litigation is necessary, as per the arguments contained thereto. However, should the Court deny that motion, then Plaintiff contends that Defendant's Motion for Summary Judgment should be denied.

Plaintiff contends was with respect to her employment at the Secret Service (exhibit 2 of Plaintiff motion for Summary Judgment, Dkt. #8").

      3.      Defendant at no time objected to this request and in fact, Defendant responded to the request on September 2, 2004 indicating that it would comply with the request upon Plaintiff's payment of $541.00 and that the file contained 5,513 pages (Id. exhibit "3").

      4.      Plaintiff paid the $541.00 as requested by Defendant (Id., exhibit "4").

      5.      On February 14, 2006, Plaintiff followed up her request for the requested documents (Id., exhibit "5").

      6.      On March 14, 2006, Defendant indicated that the file was assigned to a processor for review (Id., Exhibit "6").

      7.      On March 14, 2006, Defendant indicated that the responsive documents would be processed in accordance with the FOIA request (Id.).

      8.      On or about August 1, 2006, Plaintiff again submitted a follow up FOIA request to Defendant (Id., exhibit "7").

      9.      On August 21, 2006, Defendant acknowledged receipt of the check of $541.30 for the documents in the file and stated that the process would be expeditiously processed (Id., exhibit "8").

      10.      On November 30, 2006, Plaintiff filed this lawsuit in Federal Court. (Dkt. #1)

      11.      That Defendant made an appearance on January 12, 2007 (Dkt. #4).

      12.      That Defendant filed an answer on January 25, 2007 (Dkt. #5)

13. That prior to Defendant answering this complaint, Defendant has produced no evidence at all that it took a single step to do anything with respect to processing Plaintiff's request (Defendant's Summary Judgment Motion and declaration of Kathy J. Lylerly).

14. That Plaintiff contends that in fact, Defendant took no action to process Plaintiff's FOIA request until, at least the time that it had answered this complaint.

15. Defendant sought to withhold 43 pages only, as it contends such materials are exemption (See Defendant's exhibit 10-2, 24-25 of 61).

16. That at no time, did Defendant ever advise Plaintiff that 5513 pages were the number of documents that "potentially responsive" to the FOIA request, in contradiction to the declaration of Kathy J. Lyerly (Id. at 2)

17. That Defendant never challenged the legitimacy or legality of these requests until February 27, 2007.

As such, the genuine issue of material facts in this case consists of whether the Defendant unduly delayed the production of Plaintiff's FOIA request and purposely withheld the documents from her. In addition, there is a genuine issue of material fact as to whether the Defendant would have ever produced a single piece of paper to Plaintiff, but for Plaintiff bringing this lawsuit.

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center

                                                        4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANN MARIE MOGENHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-02045-EGS |
| | * | |
| DEPARTMENT OF | * | |
| HOMELAND SECURITY, | * | |
| | * | |
| | * | |
| Defendant, | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This is an action by Plaintiff Ann Marie Mogenhan ("Mogenhan," "Plaintiff") to redress actions taken individually and collectively by Defendant, Department of Homeland Security, ("Defendant") based on the Freedom of Information Act ("FOIA"), *5 U.S.C. § 552 et seq. (2000).* Plaintiff on a number of occasions submitted requests and paid the appropriate fee to obtain her employment file from the Defendant's Secret Service Department. Without any explanation, Defendant failed to comply with these requests. As such, Defendant's Summary Judgment should be denied.

### I.   FACTUAL BACKGROUND

Plaintiff adopts, by reference, its Material Facts listed in the Statement of Genuine Issues as well as facts #1 and #3, in Defendant's motion for Summary Judgment.

## II. ARGUMENT

### A. Defendant Unreasonably Withheld Plaintiff's FOIA Documents

The Freedom of Information Act requires agencies to comply with requests to make their records available to the public, unless the requested records fit within one or more of nine categories of exempt material. *5 U.S.C. § 552*(a). Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." FOIA, 5 U.S.C. § 552(a)(6)(C)(I). As per 5 U.S.C. § 552(a)(6)(C)(I), absent an extension, an agency must respond to a FOIA request within 20 days from the date the agency receives the request. 5 U.S.C. § 552(a)(6)(A)(I). Defendant is required to conduct a reasonable, adequate and good faith search to properly discharge its obligation under FOIA. *Lechliter v. Department of Defense, 371 F. Supp. 2d 589, 597 (D. Del. 2005).*

Furthermore, 5 U.S.C. § 552(a)(3)(A) necessitates that this agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

The basic goal of the FOIA is to open up federal agencies to public scrutiny. Department of Air Force v. Rose, 425 U.S. 352, 372, 48 L. Ed. 2d 11, 96 S. Ct. 1592 (1976); Norwood v. FAA, 993 F.2d 570, 573 (6th Cir. 1993).

In this case, despite the numerous promises made by Defendant, it has to date, some four months following its last assurance to provide these records has not provided them. As

such, this Court should compel Defendant's compliance with FOIA. With regard to typical, non-"compelling need" FOIA requests, "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [these] abuses." *Payne Enters. v. United States*, 267 U.S. App. D.C. 63, 837 F.2d 486, 494 (D.C. Cir. 1998). In this case, there has been an unreasonable delay in disclosing these documents.

Defendant has never explained the timing of the steps it took to secure Plaintiff's file. The declaration of Kathy J. Lyerly lists a detailed account of the steps taken. For example she states:

> 8. By letter dated February 2, 2005, the plaintiff submitted a check in the amount of $541.30 to cover duplication expenses. A copy of this letter without enclosures is attached as Exhibit 4.
>
> 9. After receipt of this payment, the Secret Service FOIA office processed the plaintiff's request. Through the processing and the review of the original request letter, the Secret Service realized that plaintiff's request was a set of questions regarding investigative files regarding plaintiff rather than a request for a document or set of documents. See Exhibit 1. Consequently, it was determined that the broadest interpretation of the plaintiff's request was that plaintiff was requesting investigative files concerning her as maintained by the Secret Service. Id. The Secret Service subsequently determined that it maintained four investigative files related to plaintiff. These files consisted of two Reports of Investigation related to two equal employment opportunity complaints filed by the plaintiff while she was employed by the Secret Service (the "ROIs"); the plaintiffs security clearance background investigation file (the Background File"), and a Secret Service Office of Inspection criminal investigation file concerning the plaintiff (the "Inspection File").

Defendant's exhibit 10-2, Page 3 of 61.

The problem here is that Defendant never explained when these things were done. As such, Defendant never explained the reasons it took from February 2, 2005 until February 27, 2007 to complete the search and produce Plaintiff's records. The reasonable conclusion is that the Defendant purposely delayed the production of these records, never intended to produce them and would not have produced them absent this lawsuit.

### B. Plaintiff Has Substantially Prevailed In This Case

Even if the Court were to conclude that Defendant owes no more documents to Plaintiff, then it should rule that Plaintiff has substantially prevailed in this case and be permitted to file a petition for attorney's fees.

It is well established that in deciding whether party has substantially prevailed for purpose of attorney fees, court should consider whether prosecution of action could reasonably be regarded as necessary to obtain information and whether action has substantial causative effect on delivery of information. *Clarkson v IRS,* (1982, CA11 Ga) 678 F2d 1368, 8 Media L R 1933, 82-2 USTC P 9437, 50 AFTR 2d 5407, 63 ALR Fed 657. Where filing of complaint is necessary to end results in achieving disclosure, requester is prevailing party for purpose of attorney fee award. *Seegull Mfg. Co. v NLRB*, (1984, CA6 Tenn) 735 F2d 971, 116 BNA LRRM 2569, 101 CCH LC P 11049, vacated on other grounds, op replaced (1984, CA6 Tenn) 741 F2d 882, 117 BNA LRRM 2160, 101 CCH LC P 11162.

In the case at bar, there is a clear and certain link between the filing of this action, coupled with the filing of this motion and the production of the 1074 pages of records nearly

three years later. Defendant would not have produced these records without the litigation activity; and as such, even though Plaintiff used the term, "employment" file, rather than "investigative" file in its complaint, Plaintiff's exhibits which detail the correspondence, put Defendant on notice that the records which Defendant ultimately sent on the aforementioned dates were at issue. Consequently, the Court should at minimum, enter Summary Judgment for the Plaintiff with respect to the litigation activity related to the investigative files. Defendant has produced absolutely no defense as to why it took close to three years to produce those records.

Defendant's aforementioned affidavit fails to state the reasons that Defendant failed to comply with the statute promptly. It doesn't even address the issue. As such, Defendant violated the aforementioned statutes and Plaintiff should be entitled to a fee petition.

### III.     CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests Defendant's motion is denied; in the alternative, that Plaintiff be permitted to file his attorney fee petition.

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No: 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANN MARIE MOGENHAN,   *
                     *
Plaintiff,           *
                     *
v.                   *   Civil Action No. 1:06-02045-EGS
                     *
DEPARTMENT OF        *
HOMELAND SECURITY,   *
                     *
                     *
Defendant,

*   *   *   *   *   *   *   *   *   *   *   *

## **ORDER**

Defendant's Motion for Summary Judmgent is herein denied.  Defendant shall immediately forward to Plaintiff, the following:

1)  Administrative Records and all inclusive related sub records;
2)  Inspection Records and all inclusive related sub records;
3)  Investigative Records and all inclusive related sub records;
4)  Personnel Records and all inclusive sub records;
5)  Medical Records and all inclusive sub records;
6)  Workers' Compensation Records and all inclusive sub records;
7)  Drug Sample Records and all inclusive sub records;
8)  Security Clearance Records;
9)  Background Investigation Records (from field office) and all inclusive sub records;
10) OIG Records and all inclusive sub records;
11) Correspondence Records and all inclusive sub records;
12) Congressional and White House Correspondence and all inclusive sub records;
13) Computer Records and all inclusive sub records;
14) Telephone Records and all inclusive sub records;
15) Financial Records and all inclusive sub records;
16) Inter-agency/intra-agency records and all inclusive sub records;
17) Criminal Records and all inclusive sub records;
18) Internal grievance records and all inclusive sub records;
19) Ombudsman records and all inclusive sub records; and
20) The EEO file the agency claims is useless

Plaintiff's counsel shall submit a fee petition for the award of attorney's fees.

_____
U.S. District Court Judge