### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

```
                                    )
ANN MARIE MOGENHAN,                 )
                                    )
                Plaintiff,          )
                                    )  Civil Action No. 06-2045 (EGS)
        v.                          )
                                    )
DEPARTMENT OF HOMELAND SECURITY,)
                                    )
                Defendant.          )
                                    )
```

### MEMORANDUM OPINION

Plaintiff Ann Marie Mogenhan filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the release of documents that she requested from the U.S. Secret Service -- Mogenhan's former employer and part of the Department of Homeland Security.  Pending before the Court are plaintiff's motion for summary judgment and defendant's cross-motion for partial summary judgment.  Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court **DENIES** plaintiff's motion for summary judgment and **GRANTS** partial summary judgment for defendant.

### I.    BACKGROUND

In June 2004, plaintiff's attorney sent a letter to the Freedom of Information and Privacy Acts Branch of the U.S. Secret Service ("FOI/PA Branch") to request information about plaintiff's "investigative file."  Letter from Morris Fischer to

FOI/PA Branch (June 11, 2004), Def.'s Ex. 1.[1]  The FOI/PA Branch
responded the following month with a letter that acknowledged
receipt of plaintiff's FOIA request, assigned a file number to
the request, and advised that a search for responsive files was
being conducted.  The FOI/PA Branch later informed plaintiff's
attorney that the approximate cost to process the request would
be $541.30, based on an estimate of 5513 pages at a rate of $.10
per page with the first 100 pages free, and that the fee should
be remitted within sixty days to prevent the administrative
closure of the request.  Letter from Kathy Lyerly to Morris
Fischer (Sept. 2, 2004), Def.'s Ex. 3.  Plaintiff's attorney
mailed the $541.30 payment to the FOI/PA Branch five months
later.

　　After receiving no documents more than a year and a half
later, plaintiff's attorney wrote a letter to the FOI/PA Branch
in August 2006 and threatened to sue if the FOI/PA Branch did not
produce the requested documents within ten days.  The FOI/PA
Branch responded later that month, noting that "requests are
processed in chronological order based on the date [of] receipt
of a perfected request" and explained that plaintiff's initial

---

[1]  In this request, plaintiff's attorney posed questions
pertaining to plaintiff's "investigative file" rather than asking for
the file itself.  *Id.*  The specific questions were: "1) Is there an
investigative file on Ann Marie Mogenhan, SSN . . .?  2) If there is
an investigative file on Ms. Mogenhan, is it active or closed?  3) If
the investigative file on Ms. Mogenhan is closed, on what date was it
closed?"  *Id.*

request was closed because defendant did not receive the $541.30 payment within the sixty-day time limit; the letter further explained that, upon receipt of the late payment, plaintiff's FOIA request was reopened under a new file number.  Letter from Kathy Lyerly to Morris Fischer (Aug. 21, 2006), Pl.'s Ex. 8.

Having still not received any documents, plaintiff filed this action on November 30, 2006, seeking "[a] declaratory judgment that the Defendant complies with the FOIA request immediately [and] Costs and Attorney fees for the failure to comply with the FOIA request."  Compl. at 3-4.  In January 2007, defendant's attorney contacted plaintiff's attorney to clarify which investigative files plaintiff was seeking.  Plaintiff's attorney responded the following week and explained that plaintiff "has always sought all records involving her employment with the Secret Service . . . ."  E-mail from Morris Fischer to Rhonda Fields (Feb. 6, 2007), Pl.'s Ex. 10.  Plaintiff filed a motion for summary judgment on February 13, 2007, arguing that (1) defendant should interpret the scope of plaintiff's FOIA request to include both investigative files and employment files, (2) defendant has taken an unreasonably long time to process plaintiff's request, and (3) plaintiff is entitled to attorney fees for substantially prevailing in the action.

Soon after plaintiff moved for summary judgment, the FOI/PA Branch mailed to plaintiff's attorney four investigative files

3

found to be responsive to plaintiff's June 2004 request.  The
accompanying letter explained that certain portions of the
responsive documents were withheld or redacted in accordance with
relevant exemptions.  The letter also explained that plaintiff
would be refunded $448.20 because defendant released only 1031
pages -- 4482 pages less than what defendant had estimated when
it requested that plaintiff pay $541.30 in reproduction fees.
Defendant then filed its cross-motion for partial summary
judgment, which described the responsive documents, explained how
the search was conducted, and applied the relevant FOIA
exemptions.  Defendant's motion is "partial" because it deals
only with the responsive documents originating from the U.S.
Secret Service -- not the responsive documents originating from
other federal agencies.  Plaintiff's opposition did not contest
any arguments set forth in defendant's motion but instead
reiterated that the FOI/PA Branch took an unreasonably long time
to process plaintiff's FOIA request and deliver the documents.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

     Summary judgment is appropriate if the evidence, when viewed
in the light most favorable to the non-movant, raises no genuine
issue of material fact and the movant is entitled to judgment as
a matter of law.  Fed. R. Civ. P. 56(c).

          Reasonableness is the guiding principle for a court faced
          with a FOIA summary judgment motion.  The D.C. Circuit
          succinctly . . . described the summary judgment standard
          for FOIA cases:  to be entitled to summary judgment, an

> agency must show that it conducted a search reasonably calculated to uncover all relevant documents.  It is not the result of the search that is the court's focus, but its adequacy.  Adequacy is judged by a standard of reasonableness and depends, not surprisingly, on the facts of each case.  An agency may demonstrate the adequacy of its search by submitting reasonably detailed, nonconclusory affidavits . . . in good faith.

*Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 62 (D.D.C. 2003) (internal quotation marks and citations omitted) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  If there is "'substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper.'" *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).  To win summary judgment, the agency must ultimately show that each document within the scope of the FOIA request "'has been produced, is unidentifiable, or is wholly [or partially] exempt . . . .'" *Romero-Cicle v. Dep't of Justice*, No. 05-2303, 2006 WL 3361747, at *2 (D.D.C. Nov. 20, 2006) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)).

## III. ANALYSIS

### A.   Plaintiff's Motion for Summary Judgment

Plaintiff moved for summary judgment because, at the time she filed her motion, she had not yet received any documents responsive to her FOIA request.  Plaintiff argues in her motion that, whenever defendant fulfills her FOIA request, she is

entitled to receive both investigative files and employment files.  Plaintiff also contends that defendant has taken an unreasonably long time to process her request and that she is entitled to attorney fees.

> **1.    The scope of plaintiff's FOIA request did not include employment files.**

Although Mogenhan contends that she is entitled to receive both her investigative file and employment file in response to her FOIA request, the Court finds that the scope of plaintiff's FOIA request was limited to her investigative file only.  The D.C. Circuit has held that an agency must read a FOIA request as it is drafted -- not as the requester might wish it was drafted. *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984); *see also Kowalzcyk*, 73 F.3d at 389 ("[The defendant] is not obliged to look beyond the four corners of the request for leads to the location of responsive documents.").  In this case, Mogenhan expressly requested information pertaining to her "investigative file" and made no reference to employment files.  While defendant might have assumed that this investigative file was related to Mogenhan's employment with the U.S. Secret Service, defendant could not reasonably conclude that every file pertaining to plaintiff's employment was also responsive to her FOIA request.

The Court notes that Mogenhan's FOIA request did not even ask defendant to produce any documents.  Rather, plaintiff's request asked three questions:  "1) Is there an investigative

6

file on Ann Marie Mogenhan, SSN . . .?  2) If there is an
investigative file on Ms. Mogenhan, is it active or closed?  3)
If the investigative file on Ms. Mogenhan is closed, on what date
was it closed?"  Fischer Letter, Def.'s Ex. 1.  Agencies are not
obligated to answer any questions under FOIA.  *Hudgins v. IRS*,
620 F. Supp. 19, 21 (D.D.C. 1985).  Agencies are obligated,
however, to construe FOIA requests liberally in favor of
disclosure.  *LaCedra v. Executive Office for U.S. Attorneys*, 317
F.3d 345, 348 (D.C. Cir. 2003).  Pursuant to this obligation,
defendant in this case reasonably construed plaintiff's questions
pertaining to the "investigative file" as a request for the
"investigative file" itself.  Although plaintiff argues that
defendant should have construed the FOIA request to encompass
Mogenhan's employment file in addition to her investigative file,
defendant correctly notes that "an agency processing a FOIA
request is not required to divine a requester's intent."
*Landmark Legal Found.*, 272 F. Supp. 2d at 64 (citing *Kowalczyk*,
73 F.3d at 388).  Defendant in this case acted properly by
limiting the scope of responsive records "to the four corners of
the request" and sending only investigative files to Mogenhan.
*See Landmark Legal Found.*, 272 F. Supp. 2d at 64 (citing
*Kowalczyk*, 73 F.3d at 389).

     Plaintiff also argues that defendant is obligated to release
the remaining 4000 documents mentioned in defendant's September

2004 letter simply because plaintiff has paid the entire $541.30 reproduction fee. However, plaintiff's argument ignores the express language in defendant's letter stating that the fee requested was an estimation and approximation. Out of fairness to other pending FOIA requests, defendant has no obligation to examine and redact more than 4000 additional documents simply because plaintiff now requests them. *See Kowalczyk*, 73 F.3d at 388-89; *see also Thomas v. Office of the U.S. Attorney*, 171 F.R.D. 53, 55 (E.D.N.Y. 1997) (explaining that plaintiff's subsequent request for additional documents could not be construed as part of plaintiff's initial FOIA request). Instead, plaintiff can send another FOIA request for the employment files she is seeking, this time crafting her request more accurately, so that defendant can process it in the chronological order that it is received.

### 2. The lateness of defendant's document production is now moot.

Plaintiff argues in her motion that defendant has unreasonably delayed the release of responsive records. Untimeliness is also the single argument that plaintiff raises in her opposition to defendant's motion. However, the timeliness of defendant's response to plaintiff's FOIA request is no longer relevant because plaintiff has now received all of the responsive documents. *See Landmark Legal Found.*, 272 F. Supp. 2d at 69 ("[A FOIA action] does not provide an after-the-fact remedy once

8

documents have been released, however tardily.") (citing *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987)).

### 3.    **Plaintiff is not entitled to attorney fees**.

Plaintiff maintains that she is entitled to attorney fees because defendant would not have released the responsive documents if plaintiff had not filed this lawsuit.  However, because defendant mailed all responsive documents to plaintiff without necessitating a court order or decree, plaintiff has not "substantially prevailed" in the case and is therefore not entitled to attorney fees.  *See* 5 U.S.C. § 552(a)(4)(E); *see also Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002).

This Court applies a two-factor analysis to determine whether a plaintiff has substantially prevailed in a FOIA action: (1) whether an order changed the legal relationship between the parties, and (2) whether the plaintiff was awarded any relief on the merits of his claim.  *See Davy v. CIA*, 456 F.3d 162, 165 (D.C. Cir. 2006).  The D.C. Circuit has made clear that a plaintiff has not substantially prevailed when the defendant voluntarily produces the responsive documents, even after the lawsuit has been filed.  *See id.* at 164-65 ("[A] defendant's 'voluntary change in conduct, although perhaps accomplishing what the plaintiffs sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.'") (quoting

9

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 605 (2001) (emphasis in original)). Because defendant has voluntarily mailed the properly redacted investigative files to plaintiff, albeit after suit was filed, plaintiff has not substantially prevailed in the action and is therefore not entitled to attorney fees.

**B.    Defendant's Partial Motion for Summary Judgment**

In its motion for partial summary judgment, defendant argues that its search for responsive documents was reasonable and that its application of exemptions to the documents was appropriate. Plaintiff has not responded to either of these arguments but instead reiterates in her opposition that defendant was untimely in mailing the responsive documents.  Plaintiff has therefore waived any opposition to defendant's arguments about the reasonableness of its search and the application of exemptions. *See, e.g., United States v. Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (explaining that a court may properly treat arguments raised in a motion for summary judgment as conceded when the non-moving party fails to oppose those particular arguments).  Accordingly, the Court grants defendant's motion as conceded.  The Court notes, moreover, that were defendant's motion considered on the merits, defendant appears to have met its burden of showing that its search for documents was reasonable and its application of FOIA exemptions was lawful.

10

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** plaintiff's motion for summary judgment and **GRANTS** defendant's cross-motion for partial summary judgment.  The parties are directed to jointly submit a status report and recommendation for future proceedings regarding the responsive documents not covered by defendant's motion.  The joint submission shall be filed by July 27, 2007.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **July 10, 2007**

11